**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**May 22, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CORTEZ NATHANIEL MEADOWS,

Plaintiff-Appellant,

v.

JOHN WHETSEL and THE BOARD
OF COUNTY COMMISSIONERS,

Defendants-Appellees.

No. 06-6211

(W.D. of Okla.)

(D.C. No. CIV-06-206-W)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **EBEL**, and **TYMKOVICH**, Circuit Judges.[**]

Cortez Meadows, appearing pro se, appeals the district court's dismissal of

his 42 U.S.C. § 1983 action against Oklahoma state officials. Meadows also

seeks to proceed *in forma pauperis* (IFP) in this appeal, which the district court

denied. Concluding that the applicable statute of limitations has run on certain of

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

Meadows's claims but may not have on others, we AFFIRM in part and REMAND.

## I. Background

On May 29, 2002, Meadows was arrested for driving while under the influence of alcohol and driving while his license was revoked. He was held in Oklahoma County jail for the next ten days, and then released on June 7. Meadows admits his blood alcohol level was found to be above the legal limit shortly after the arrest, but he maintains that he was merely a passenger in the car, and not the driver.[1] The criminal case languished for several years; finally, in 2005 an Oklahoma state court determined that police lacked probable cause to arrest Meadows and dismissed the case against him based on insufficient evidence.

Meadows filed suit in federal court in February 2006, seeking damages for alleged police misconduct stemming from his May 2002 arrest. The county filed a motion to dismiss on the grounds that Meadows's claims were time-barred by the applicable statute of limitations, which it determined to be two years based on the closest analogous state limitation statute. Finding Meadows's claims accrued at the time the police conduct actually occurred (i.e., May 29–June 7, 2002), the

---

[1] At the time of the arrest, police were responding to a call in reference to a drunk driver at a McDonald's Drive-Thru. The first officer on the scene saw a vehicle matching the description in the call and found Meadows inside. Meadows maintains he was only a passenger, however, and denies driving the car while under the influence.

district court agreed that Meadows's action was untimely and granted defendants' motion to dismiss.

Meadows subsequently filed a motion for reconsideration, arguing his claim did not accrue until 2005 when the state court made its finding on probable cause and, thus, the district court erred in starting the statute of limitations in 2002. Citing Tenth Circuit case law that police misconduct claims are "presumed to have accrued when the actions actually occur," *Johnson v. Johnson County Comm'n Bd.*, 925 F.2d 1299, 1301 (10th Cir. 1991), the district court denied the motion for reconsideration. Meadows now appeals to this court.

## II. Discussion

Because § 1983 does not specify a statute of limitations, the United States Supreme Court requires us to apply the law of the state where the action arose. *Wilson v. Garcia*, 471 U.S. 261 (1985). That is, the state's limitations period most applicable to the conduct at issue (e.g., police misconduct/tort claim) is adopted to govern the § 1983 claim. *Abbitt v. Franklin*, 731 F.2d 661, 663 (10th Cir. 1984) (en banc). *See also Oliveros v. Mitchell*, 449 F.3d 1091, 1093–94 (10th Cir. 2006).

In this case, the district court correctly applied Oklahoma law to determine the appropriate statute of limitations because the action arose in Oklahoma. The court was likewise faithful to our precedents requiring a § 1983 claim to be treated as a personal injury action for statute of limitations purposes. *Garcia v.*

*Wilson*, 731 F.2d 640, 650–51 (10th Cir. 1984).  Thus, the district court correctly applied the limitations period from Okla. Stat. tit. 12, § 95(A)(3), which provides (1) a two-year statute of limitations for personal injury actions, and (2) that such actions must be brought within two years "after the cause of action shall have accrued, and not afterwards."

Meadows does not dispute that Okla. Stat. tit. 12, § 95(A)(3) furnishes the applicable statute of limitations for his case.  Instead, he takes issue with the district court's determination that his cause of action "accrued" in 2002 when the alleged police misconduct took place.  "Since the injury in a § 1983 case is the violation of a constitutional right, such claims accrue when the plaintiff knows or should know that his or her constitutional rights have been violated." *Beck v. City of Muskogee Police Dep't*, 195 F.3d 553, 557 (10th Cir. 1999) (quoting *Smith v. City of Enid*, 149 F.3d 1151, 1154 (10th Cir. 1998)).

Reading Meadows's pro se complaint liberally, see *Haines v. Kerner*, 404 U.S. 519, 520 (1972), we find he raises the following claims: (1) false arrest and false imprisonment in violation of the Fourth and Fourteenth Amendments; (2) suspension of his driving license in violation of the due process clause of the Fourteenth Amendment;[2] (3) failure to provide a probable cause hearing after his

_____

[2]  This claim is not properly alleged against the current defendants, Sheriff John Whetsel and the Board of County Commissioners, who have no control over Oklahoma drivers licenses which are under the exclusive jurisdiction of the Oklahoma Department of Public Safety.

arrest also in violation of due process; and (4) malicious prosecution in violation of the Fourth and Fourteenth Amendments.

To the extent Meadows alleges constitutional violations based on his arrest and imprisonment on May 29 to June 7, 2002, these claims are barred by the two-year statute of limitations. We have held previously that "[c]laims arising out of police actions toward a criminal suspect, such as arrest, interrogation, or search and seizure, are presumed to have accrued when the actions actually occur." *Price v. Philpot*, 420 F.3d 1158, 1162 (10th Cir. 2005) (quoting *Johnson County Comm'n Bd.*, 925 F.2d at 1301. Recently, the Supreme Court clarified that the statute of limitations for false imprisonment claims begins to accrue when "a false imprisonment ends," namely "once the victim becomes held pursuant to [legal] process—when, for example, he is bound over by a magistrate or arraigned on charges." *Wallace v. Kato*, 127 S. Ct. 1091, 1096 (2007). Meadows was arraigned on June 7, 2002 and therefore his false imprisonment claim is clearly time-barred.

Next, Meadows contends police did not have probable cause to arrest him on May 29, 2002 and subsequently violated his rights to due process by holding him in custody for ten days without filing formal charges. In addition, he claims he was entitled to, but never received, a prompt judicial determination on probable cause under the Supreme Court's ruling in *Gerstein v. Pugh*, 420 U.S.

103, 114 (1975).[3] Under the applicable precedents, these claims are barred by the two-year statute of limitations since they stem from police action that occurred roughly four years before Meadows filed his complaint. *See*, *e.g.*, *Wallace*, 127 S.Ct. at 1096 (claim accrues when victim arraigned); *Price*, 420 F.3d at 1162 (claims relating to arrest and incarceration are presumed to accrue at time actions occur).

But to the extent we construe Meadows's complaint as alleging a claim for malicious prosecution, that claim may not be time-barred. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that where a § 1983 plaintiff has been convicted and is challenging the prosecution leading to that conviction, a malicious prosecution claim does not mature until the conviction has been invalidated. *Id.* at 486–87. We have extended the *Heck* rule to situations like this one in which a malicious prosecution claim relates to *charges* that have been dismissed, holding that the claim does not ripen until the charges are dismissed. *Beck*, 195 F.3d at 560. It is unclear exactly when the charges were dismissed, but

---

[3] *Gerstein* found the Fourth Amendment requires a judicial finding on probable cause to justify an *extended* period of incarceration before trial. Though there is some confusion in the record concerning how long Meadows was actually held after his 2002 arrest (Meadows's opening brief claims he was jailed for 45 days, while the record elsewhere indicates the duration was only 10 days), there is no dispute that formal charges were filed against Meadows within ten days of his arrest. Moreover, it appears that Meadows only takes issue with the fact that he did not receive a probable cause hearing within that period. Given that ten days of jail time arguably does not qualify as an "extended restraint on liberty" within the meaning of *Gerstein*, Meadows's reliance on that case is misplaced.

the record suggests the state court did not formally dismiss them until February 2005.  He filed his complaint in February 2006.  Thus, his malicious prosecution claim may not be barred by the two-year statute of limitations.[4]  Because the district court did not address the merits of the malicious prosecution claim and we decline to do so for the first time on appeal, we remand this issue to the district court.

### III.  Conclusion

For substantially the same reasons set forth by the district court, we find Meadows's claims relating to his arrest and detention are untimely and AFFIRM with respect to those claims.  As to Meadows's malicious prosecution claim, we REMAND for further proceedings.  In addition, we GRANT Meadows's motion to proceed IFP in this appeal.

Entered for the Court,

Timothy M. Tymkovich
Circuit Judge

---

[4]    The state also argues that the malicious prosecution claim is a pendant state claim over which the district court may decline jurisdiction.  That is a question for the district court on remand.