**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 5, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CORTEZ NATHANIEL MEADOWS,

Petitioner-Appellant,

v.

OKLAHOMA CITY MUNICIPAL
COURT,

Respondent-Appellee.

No. 07-6140
(D.C. No. CIV-07-345-W)
(W.D. Ok.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **HARTZ**, and **GORSUCH**, Circuit Judges.

Mr. Meadows, a *pro se* litigant, appears before us now[1] concerning alleged

constitutional violations arising from his 1999 conviction, in Oklahoma state

court, for driving under the influence of alcohol.  We find certain aspects of Mr.

---

[*] After examining the briefs and appellate record, this panel has
determined unanimously to grant Mr. Meadows's request for a decision on the
briefs without oral argument.  *See* Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G).
The case is therefore ordered submitted without oral argument.  This order and
judgment is not binding precedent except under the doctrines of law of the case,
res judicata and collateral estoppel.  It may be cited, however, for its persuasive
value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Mr. Meadows has, in 2006 and 2007, previously appealed the dismissal
of claims arising out of a separate driving under the influence incident, *Meadows
v. Whetsel*, 227 Fed. Appx. 769 (10th Cir. 2007), as well as claims for damages
from various Oklahoma County Sheriff's personnel, *Meadows v. Whetsel*, No. 07-
6034 (10th Cir. filed June 22, 2006).

Meadows's appeal untimely and others barred by *Rooker-Feldman*. Accordingly, we dismiss his appeal, and we also find it appropriate, as did the district court, to deny his motion to proceed *in forma pauperis*.

\* \* \*

Mr. Meadows was convicted in Oklahoma City Municipal Court of driving under the influence of alcohol in January 1999. Eight years later, in March 2007, he filed in the Western District of Oklahoma what he labeled a "Motion for Leave to File Motion to Vacate Judgment Out of Time," asking the federal district court, in substance, to vacate his 1999 state court conviction.[2] Mr. Meadows alleged that newly discovered evidence – the results of blood tests showing no alcohol in his system – was illegally withheld at the time of his trial. This evidence, he said, proved that he was innocent of the crime charged. He alleged due process violations and asked that he be allowed to withdraw his plea of *nolo contendere* and that the judgment and sentence be vacated.

The district court dismissed Mr. Meadows's action. The court reasoned that Mr. Meadows's attempt to vacate his municipal court conviction constituted "a collateral attack on, and/or an appeal of, the final judgment arising from that conviction," and that, as such, it was barred by the *Rooker-Feldman* doctrine prohibiting federal suits appealing state court judgments.

---

[2] Mr. Meadows previously sought post-conviction relief from the Oklahoma state courts, which was denied.

Mr. Meadows moved to reconsider, again charging that the state trial court violated his due process rights and adding that he received ineffective legal assistance. The district court declined to reconsider its ruling, and Mr. Meadows appealed. The district court subsequently denied Mr. Meadows's application for leave to proceed *in forma pauperis* on appeal.

\* \* \*

We construe Mr. Meadows's *pro se* filings liberally. *Erickson v. Pardus*, --- U.S. ----, ----, 127 S.Ct. 2197, 2200 (2007); *Van Deelen v. Johnson*, --- F.3d ---, 2007 WL 2309778, *1 n.1 (10th Cir. 2007). Accordingly, we credit Mr. Meadows with appealing both the dismissal of (1) his lawsuit and (2) his subsequent motion to reconsider. Mr. Meadows also (3) renews his request to proceed *in forma pauperis*. We address each of Mr. Meadows's submissions in turn.

1.    We cannot help but find Mr. Meadows's appeal of the dismissal of his lawsuit to be untimely. Mr. Meadows's Motion to Reconsider was not filed until 29 days after the initial judgment, and his notice of appeal was not filed until 67 days after the initial judgment. Generally, Mr. Meadows would have had only 30 days to file the notice of appeal, in order to timely appeal dismissal of the underlying motion. *See* Fed. R. App. P. 4(a)(1)(A). To be sure, it was possible for him to toll that time period by filing a motion to reconsider, *id.* 4(a)(4)(A)(vi), but in order for that motion to have tolled the 30-day window, Mr. Meadows

would have had to file it within 10 days of the initial judgment. *See id.*; Fed. R. Civ. P. 59(e); *see also* Fed. R. Civ. P. 60(b). This he simply did not do. While we construe *pro se* pleadings with special solicitude, under our precedents Mr. Meadows's *pro se* status may not excuse his obligation to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure, including filing a timely notice of appeal. *See Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994); *Senjuro v. Murray*, 943 F.2d 36, 38 (10th Cir. 1991) (per curiam). Filing a timely notice of appeal is both mandatory and jurisdictional. *Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1239 (10th Cir. 2006). As such, we find ourselves compelled to dismiss Mr Meadows's appeal of the underlying motion for lack of jurisdiction. *See Senjuro*, 943 F.2d at 38.

2.	While Mr. Meadows's appeal of the district court's denial of his motion to reconsider was timely filed, that document still seeks, in essence, to overturn a conviction from the Oklahoma City Municipal Court system. This amounts, as the district court found, to an appeal from, or collateral attack on, the state court's judgment, and it is not allowed under the *Rooker-Feldman* doctrine. *See Bolden v. City of Topeka, Kan.*, 441 F.3d 1129, 1139 (10th Cir. 2006) ("The *Rooker-Feldman* doctrine prohibits federal suits that amount to appeals of state-court judgments."). *Rooker-Feldman* is a jurisdictional limit on federal district and appellate courts, and it prohibits us from reviewing state court decisions. *See* Wright, Miller & Cooper, 18B Fed. Prac. & Proc. § 4469.1 ("The

- 4 -

general statutes that establish original federal subject-matter jurisdiction in the district courts do not extend to an 'appeal' from a state-court judgment."). Accordingly, we have no choice but to dismiss Mr. Meadows's appeal of the district court's ruling on his motion to reconsider for lack of subject matter jurisdiction. *See Mann v. Boatright*, 477 F.3d 1140, 1145-46 (10th Cir. 2007) (affirming that the proper remedy for claims brought in contravention of *Rooker-Feldman* is dismissal for lack of jurisdiction).

3. Finally, we deny Mr. Meadows's motion to proceed *in forma pauperis*. In doing the same, the district court certified that Mr. Meadows's appeal was not taken in good faith. *See* 28 U.S.C. § 1915(a)(3). Given the complete lack of legal authority to sustain his appeal, we are forced to agree.

* * *

For the foregoing reasons, we affirm the district court's judgment dismissing the motion to reconsider, and we deny Mr. Meadows's motion to proceed *in forma pauperis*.

ENTERED FOR THE COURT

Neil M. Gorsuch
Circuit Judge