**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 10, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

PETER ERLANDSON,

      Plaintiff-Appellant,

v.

No. 08-1056

NORTHGLENN MUNICIPAL
COURT,

      Defendant-Appellee.

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**(D.C. No. 1:08-CV-00202-ZLW)**

Submitted on the briefs:[*]

Peter Erlandson, pro se.

J. Andrew Nathan and Marni Nathan Kloster of Nathan, Bremer, Dumm & Myers, P.C., Denver, Colorado, for Defendant-Appellee.

Before **KELLY**, **McKAY**, and **BRISCOE**, Circuit Judges.

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

**BRISCOE**, Circuit Judge.

Peter Erlandson, appearing pro se, appeals the orders entered by the district court dismissing his amended complaint and denying his motion to amend or alter judgment. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I. Background.

In his amended complaint, Mr. Erlandson asserted that the district court had jurisdiction over his case pursuant to "[t]he [United States] Constitution," and he characterized his action as a "Petition For A Constitutional Review." R., Doc. 5 at 2,3. Mr. Erlandson further alleged that: (1) he was charged, tried, and convicted of littering his own property in Municipal Court in the City of Northglenn, State of Colorado; (2) on November 13, 2006, a judgment of conviction was entered and a sentence was imposed for the littering charge; (3) his sentence was a fine of $235; and (4) an appeal bond has not been granted and is not necessary as he is not in custody. *Id.* at 3-4. We note that, following his conviction for littering in Northglenn Municipal Court, Mr. Erlandson unsuccessfully appealed to a Colorado district court and the Colorado Supreme Court. *See Erlandson v. City of Northglenn*, No. 07SC861, 2008 WL 131214 (Colo. Jan. 14, 2008) (denying petition for writ of certiorari).

In his amended complaint, Mr. Erlandson alleged that the Northglenn Municipal Court, as well as the prosecutors involved in the municipal court

proceedings, violated a number of his constitutional rights.[1]  Specifically,

Mr. Erlandson alleged that the court and prosecutors: (1) engaged in selective

prosecution; (2) violated his rights to a defense, due process, and equal

protection; (3) violated his rights under the Fourth Amendment by conducting a

warrantless search of his property; (4) "gave" a definition of the term "litter" that

was unconstitutionally overbroad and vague; and (5) violated his right to use his

real property to store his personal property.  R., Doc. 5 at 4-5.  As relief for these

alleged constitutional violations, Mr. Erlandson requested that the district court

"overturn his conviction and rule that the prosecution did willfully and wantonly

violate his rights under the Constitution of the United States."  *Id.* at 10.

The district court *sua sponte* dismissed Mr. Erlandson's complaint,

concluding as follows:

> To the extent Mr. Erlandson seeks to overturn his state court conviction, his sole federal remedy is a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  **See Preiser v. Rodriguez**, 411 U.S. 475, 504 (1973).  Pursuant to § 2254(a), Mr. Erlandson must be in custody in order to seek habeas corpus relief.  "The custody requirement of the habeas corpus statute is designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty."  **Hensley v. Municipal Court**, 411 U.S. 345, 351 (1973).
>
> As noted above, Mr. Erlandson alleges that his municipal court conviction resulted only in a monetary fine.  However, the imposition of a fine, by itself, does not satisfy the custody requirement.  **See Fields v. Oklahoma**, 243 Fed. App'x 395, 397 (10th Cir. 2007)

---

[1]  Based on the allegations in Mr. Erlandson's amended complaint, we will assume for purposes of this appeal that the littering charge was a criminal offense and that the municipal court proceedings were criminal in nature.

-3-

(collecting cases). Therefore, because Mr. Erlandson is not in custody, the habeas corpus claims he raises seeking to overturn his conviction must be dismissed.

R., Doc. 7 at 2.

Mr. Erlandson subsequently filed a timely motion under Fed. R. Civ. P. 59(e) to alter or amend the district court's judgment. In his motion, Mr. Erlandson stated that he "did not ask for a writ of habeas corpus, but rather for the court to uphold and defend [his] Constitutional rights." *Id.*, Doc. 11 at 1. He also reasserted the constitutional claims that were set forth in his amended complaint, adding the following allegations:

> The City of Northglenn Municipal Code is also clearly unconstitutional in that it violates both the Fourth and Fourteenth Amendments by its lack of standards and definitions and subsequent arbitrary and capricious enforcement and selective prosecution. If there are no standards, then everyone is guilty until proven innocent. This is a . . . violation of the presumption of innocence.

*Id.* at 3. Once again, Mr. Erlandson also asked the district court "to affirm [his] Constitutional rights and reverse [his] conviction by the Northglenn Municipal Court." *Id.*

The district court denied Mr. Erlandson's Rule 59(e) motion, reasoning as follows:

> Mr. Erlandson is challenging in this action a municipal court conviction that resulted only in a monetary fine and he asks the Court to reverse that conviction. The Court determined that Mr. Erlandson was seeking habeas corpus relief and dismissed the action because Mr. Erlandson is not in custody for the purposes of the habeas corpus statute. Mr. Erlandson states in his motion to reconsider that he did

-4-

not request a writ of habeas corpus, but he reiterates that the relief he seeks is to have his municipal conviction overturned.

. . . The Court remains convinced that Mr. Erlandson's sole federal remedy is a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and that he does not satisfy the custody requirement of that statute.

*Id.*, Doc. 13 at 2. Mr. Erlandson then filed the instant appeal.

## II. Analysis.

It is well established that "[t]he 'in custody' language of § 2254 is jurisdictional and requires habeas petitioners to be 'in custody' under the conviction or sentence under attack when they file the petition." *Broomes v. Ashcroft*, 358 F.3d 1251, 1254 (10th Cir. 2004). Given the jurisdictional nature of the "in custody" requirement, we will treat the district court's dismissal of Mr. Erlandson's amended complaint as a dismissal under Fed. R. Civ. P. 12(b)(1) for lack of subject-matter jurisdiction. "We review the dismissal of a complaint for lack of subject-matter jurisdiction de novo. We may affirm the dismissal on any grounds for which there is a record sufficient to permit conclusions of law, even grounds not relied upon by the district court." *Mann v. Boatright*, 477 F.3d 1140, 1145 (10th Cir. 2007) (citation and quotation omitted).

We agree with the district court that "[t]he payment of restitution or a fine, absent more, is not the sort of 'significant restraint on liberty' contemplated in the 'custody' requirement of the federal habeas statutes." *Obado v. New Jersey*, 328 F.3d 716, 718 (3d Cir. 2003); *accord Fields v. Oklahoma*, 243 F. App'x 395, 397

(10th Cir. 2007) (unpublished); *Dremann v. Francis*, 828 F.2d 6, 7 (9th Cir. 1987); *Tinder v. Paula*, 725 F.2d 801, 804-05 (1st Cir. 1984); *Spring v. Caldwell*, 692 F.2d 994, 996-97, 999 (5th Cir. 1982); *Duvallon v. Florida*, 691 F.2d 483, 485 (11th Cir. 1982); *Hanson v. Circuit Court of the First Judicial Circuit of Ill.*, 591 F.2d 404, 407 (7th Cir. 1979); *Wright v. Bailey*, 544 F.2d 737, 739 (4th Cir. 1976). Thus, to the extent Mr. Erlandson is seeking habeas relief under § 2254, the district court correctly concluded that it lacked subject-matter jurisdiction over this action.

Further, while Mr. Erlandson's amended complaint could be liberally construed as asserting claims for declaratory and/or injunctive relief under 42 U.S.C. § 1983, he is jurisdictionally barred from seeking relief under § 1983 by the *Rooker-Feldman* doctrine. *See Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983).[2] "The *Rooker-Feldman* doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by state-court losers challenging state-court judgments rendered before

---

[2]    Because we are relying on the *Rooker-Feldman* doctrine to dispose of any claims asserted by Mr. Erlandson under § 1983, we do not need to decide whether the Supreme Court's "favorable-termination requirement," *see Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), applies in cases such as this one where the party seeking relief from a state-court conviction, through no fault of his own, does not have a remedy available under the federal habeas statute. We note, however, that there is currently a split among our sister circuits on this issue. *See, e.g., Powers v. Hamilton County Pub. Defender Comm'n*, 501 F.3d 592, 601-03 (6th Cir. 2007) (discussing circuit split), *petition for cert. filed*, 76 U.S.L.W. 3583 (U.S. April 16, 2008) (No. 07-1318).

the district court proceedings commenced."[3]  *Mann*, 477 F.3d at 1146 (quotations

omitted).  Consequently, a complaint filed in a federal district court that seeks

review and reversal of a state-court judgment is properly dismissed under

*Rooker-Feldman*.[4]  *Id.* at 1147.

Although the decision was not published, we believe this court's recent

decision in *Meadows v. Okla. City Mun. Court*, 247 F. App'x 116 (10th Cir. 2007)

(unpublished), correctly determined that the *Rooker-Feldman* doctrine bars

challenges to state-court municipal convictions such as the one at issue here.  In

*Meadows*:

> Mr. Meadows was convicted in Oklahoma City Municipal
> Court of driving under the influence of alcohol in January 1999.
> Eight years later, in March 2007, he filed in the Western District of
> Oklahoma what he labeled a "Motion for Leave to File Motion to
> Vacate Judgment Out of Time," asking the federal district court, in
> substance, to vacate his 1999 state court conviction.  Mr. Meadows
> alleged that newly discovered evidence - the results of blood tests
> showing no alcohol in his system - was illegally withheld at the time

---

[3]      "[T]he *Rooker-Feldman* doctrine is confined to cases brought after the state
proceedings have ended."  *Mann*, 477 F.3d at 1146 (quotation omitted); *see also
Guttman v. Khalsa*, 446 F.3d 1027, 1031-32 (10th Cir. 2006) (holding that
*Rooker-Feldman* doctrine applies only where state court appeals process has run
its full course).  This requirement is satisfied here because Mr. Erlandson filed his
federal court action eight days after the Colorado Supreme Court denied his
petition for a writ of certiorari.  *See Erlandson v. City of Northglenn*, No.
07SC861, 2008 WL 131214 (Colo. Jan. 14, 2008); R., Doc. 1 (motion for leave to
proceed before the district court under 28 U.S.C. § 1915 filed on January 22,
2008); *id.*, Doc. 3 (initial complaint filed on January 31, 2008).

[4]      We note, however, that a state-court judgment may be timely appealed
directly to the United States Supreme Court from the highest court of a state by
means of a petition for a writ of certiorari.  *See* 28 U.S.C. § 1257(a).

of his trial.  This evidence, he said, proved that he was innocent of the crime charged.  He alleged due process violations and asked that he be allowed to withdraw his plea of *nolo contendere* and that the judgment and sentence be vacated.

       The district court dismissed Mr. Meadow's action.  The court reasoned that Mr. Meadow's attempt to vacate his municipal court conviction constituted "a collateral attack on, and/or an appeal of, the final judgment arising from that conviction," and that, as such, it was barred by the *Rooker-Feldman* doctrine prohibiting federal suits appealing state court judgments.

*Id.* at 117 (footnote omitted).

While we found Mr. Meadows's appeal of the dismissal of his lawsuit to be untimely, we found that he had timely appealed the district court's denial of his motion to reconsider.  *Id.* at 117-18.  We therefore addressed the merits of the district court's *Rooker-Feldman* ruling, concluding as follows:

[Mr. Meadows's motion to reconsider] still seeks, in essence, to overturn a conviction from the Oklahoma City Municipal Court system.  This amounts, as the district court found, to an appeal from, or collateral attack on, the state court's judgment, and it is not allowed under the *Rooker-Feldman* doctrine.  *See Bolden v. City of Topeka, Kan.*, 441 F.3d 1129, 1139 (10th Cir. 2006) ("The *Rooker-Feldman* doctrine prohibits federal suits that amount to appeals of state-court judgments.").  *Rooker-Feldman* is a jurisdictional limit on federal district and appellate courts, and it prohibits us from reviewing state court decisions.  *See* Wright, Miller & Cooper, 18B Fed. Prac. & Proc. § 4469.1 ("The general statutes that establish original federal subject-matter jurisdiction in the district courts do not extend to an 'appeal' from a state-court judgment.").

*Id.* at 118.

We agree with the reasoning and result in *Meadows*.  Accordingly, applying the *Rooker-Feldman* doctrine, we conclude that the district court lacked

subject-matter jurisdiction over any challenges to Mr. Erlandson's municipal court conviction under § 1983.

Finally, while it appears that Mr. Erlandson is attempting to challenge the facial constitutionality of the City of Northglenn Municipal Code, his constitutional claims are inextricably intertwined with the state-court judgment and thus barred by the *Rooker-Feldman* doctrine unless they fall into one of two categories. The first category consists of general constitutional challenges where "the party does not request that the federal court upset a prior state-court judgment applying [the contested] law against the party, and . . . the prior state-court judgment did not actually decide that the state law at issue was facially unconstitutional." *Kenmen Eng'g v. City of Union*, 314 F.3d 468, 476 (10th Cir. 2002) (citations, footnote, and emphasis omitted), *overruled in part by Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291-92 (2005), *and Lance v. Dennis*, 546 U.S. 459, 465-66 (2006)); *see also Mo's Express, LLC v. Sopkin*, 441 F.3d 1229, 1237 (10th Cir. 2006) (noting that general constitutional challenges are beyond reach of *Rooker-Feldman* "when the relief sought . . . would not reverse or 'undo' the state-court judgment"). The second category consists of cases in which "a party may challenge state procedures for enforcement of a judgment, where consideration of the underlying state-court decision is not required." *Kenmen*, 314 F.3d at 476.

We hold that the district court lacked subject-matter jurisdiction to consider Mr. Erlandson's constitutional challenges to the City of Northglenn Municipal Code. In his amended complaint, Mr. Erlandson specifically asked the district court to "overturn" his municipal court conviction. *See* R., Doc. 5 at 10. Likewise, in his post-judgment motion under Fed. R. Civ. P. 59(e), he asked the district court to "reverse" his conviction. *Id.*, Doc. 11 at 3. As a result, he was clearly seeking to "upset" or "undo" a prior state-court judgment,[5] and his general constitutional challenges are therefore barred by the *Rooker-Feldman* doctrine. Further, even construing his claims liberally, Mr. Erlandson is not challenging "state procedures for enforcement of a judgment." *Kenmen*, 314 F.3d at 476. Thus, his constitutional claims do not fall within the second category of cases that we discussed in *Kenmen*.

The district court's order and related judgment dismissing this action for lack of subject-matter jurisdiction are AFFIRMED. We GRANT Mr. Erlandson's motion for leave to proceed in this appeal in forma pauperis.

---

[5] The situation here is thus distinguishable from the situation in *Mo's Express* where: (1) the plaintiff asserted general constitutional challenges for the purpose of obtaining prospective injunctive and declaratory relief; and (2) if successful, the plaintiff's claims would not have disrupted a state-court judgment. *See Mo's Express*, 441 F.3d at 1237-38.