**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 14, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JACOB GAREY, JR.,

Petitioner-Appellant,

v.

ROBERT ULIBARRI, Warden; GARY
K. KING, Attorney General for the
State of New Mexico,

Respondents-Appellees.

No. 08-2285
(D.C. No. 1:08-CV-00412-MCA-ACT)
(D.N.M.)

**ORDER DENYING**
**CERTIFICATE OF APPEALABILITY**

Before **LUCERO**, **MURPHY**, and **McCONNELL**, Circuit Judges.

Jacob Garey, Jr., a state prisoner proceeding pro se,[1] appeals the district

court's denial of his 28 U.S.C. § 2254 habeas petition and request for a certificate

of appealability ("COA"). For substantially the same reasons stated by the

magistrate judge and adopted by the district court, we deny a COA and dismiss

the appeal.

---

[1] Because Garey proceeds pro se, we liberally construe his application for a
COA. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

Garey was convicted of possession of heroin following a plea of no contest in 2000 in New Mexico state court and received an 18-month suspended sentence and probation. During the term of his probation, Garey was convicted following another plea of no contest to charges of possession of heroin and tampering with evidence. After consolidating the two cases for sentencing purposes, the court revoked Garey's probation on October 31, 2001, and sentenced him to five years' and 279 days' imprisonment with all but two years suspended. One year of parole was imposed concurrently with the suspended portion of the sentence.

Garey was released after serving less than the full term of that sentence, but on December 10, 2002, his release was again revoked. Following the denial of two motions for reconsideration of the revocation, Garey filed a "Motion to Amend Judgment and Sentence of Probation Commitment to Penitentiary." On December 15, 2004, the state court dismissed this motion as moot because the parties stipulated that Garey had been released from prison once again and had completed his probation and parole for the 2000 and 2001 convictions.

After an unsuccessful attempt to obtain state postconviction relief, on April 23, 2008, Garey filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 in the United States District Court for the District of New Mexico. The case was referred to a magistrate judge, whose report and recommendation concluded that the district court lacked jurisdiction because Garey was not in custody under the sentences for the 2000 or 2001 charges that he sought to

challenge in the petition.  After overruling the petitioner's objections, the district court adopted the magistrate's report and recommendation, dismissing the § 2254 petition for lack of jurisdiction.

Because the district court dismissed his habeas petition and he did not obtain a COA from that court, Garey may not appeal the district court's decision absent a grant of a COA by this court.  § 2253(c)(1)(A).  To obtain a COA, Garey must make "a substantial showing of the denial of a constitutional right."  § 2253(c)(2).  When the district court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, as it did here, a petitioner is not entitled to a COA unless he can show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  An appellate court has discretion to resolve either the procedural or the substantive issue first.  Id. at 485.

Federal courts have no jurisdiction to consider § 2254 petitions unless the petitioner is in custody pursuant to a challenged conviction when the petition is filed.  Erlandson v. Northglenn Mun. Court, 528 F.3d 785, 788 (10th Cir. 2008).  As the district court found, the parties stipulated in 2004 that Garey was not in custody pursuant to either of the challenged sentences and had served his probation and parole in full.  This stipulation compels the conclusion that he was

also not in custody on these sentences when he filed his federal habeas petition in 2008, and Garey does not contest the stipulation before this court. Thus, reasonable jurists could not debate the district court's conclusion that it lacked jurisdiction to consider the merits of his petition.

We **DENY** a COA and **DISMISS** the appeal. We also **DENY** Garey's motion to appoint counsel.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge