**Sylvia A. SEGLER, Plaintiff—Appellant,**

v.

**FELFAM LTD. PARTNERSHIP; Levy, Morse & Wheeler, P.C.; Robert S. Hyatt, individually and in his official capacity as District Court Judge of Denver District Court; Morris B. Hoffman, individually, and in his official capacity as District Court Judge of the Denver District Court; Rick Wehmhoefer, individually, and in his official capacity as Executive Director of the Colorado Commission on Judicial Discipline; Matthew A. Samuelson, individually, and in his official capacity as Assistant Regulation Counsel of the Office of Attorney Regulation Counsel, Defendants—Appellees.**

No. 08–1466.

United States Court of Appeals, Tenth Circuit.

May 11, 2009.

Sylvia A. Segler, Denver, CO, pro se.

Before TACHA, TYMKOVICH, and GORSUCH, Circuit Judges.

### ORDER AND JUDGMENT[*]

DEANELL REECE TACHA, Circuit Judge.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See*

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R.App. P. 32.1 and 10th Cir. R. 32.1.

Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff-appellant Sylvia A. Segler, proceeding pro se, appeals the dismissal of her complaint brought under 42 U.S.C. § 1983. We have jurisdiction under 28 U.S.C. § 1291, and we AFFIRM.

## I. BACKGROUND

Ms. Segler contends that her former landlord, Felfam Ltd. Partnership ("Felfam"), unlawfully evicted her. Representing herself, she sued Felfam in Colorado state court and lost. The court assessed more than $2,000 in fees and costs against her.

Again acting pro se, Ms. Segler then filed this § 1983 claim in federal district court against Felfam, Felfam's attorneys, the judges in the state court proceeding, and various individuals responsible for enforcing judges' and attorneys' codes of conduct. The district court dismissed the complaint for lack of subject matter jurisdiction, citing the *Rooker–Feldman* doctrine. *See District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 486, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fid. Trust Co.,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923). The court further concluded that the state judges were absolutely immune from suit. Ms. Segler appeals.

## II. DISCUSSION

"The *Rooker–Feldman* doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by state-court losers challenging state-court judgments rendered before the district court proceedings commenced." *Mann v. Boatright,* 477 F.3d 1140, 1147 (10th Cir. 2007). "Consequently, a complaint filed in a federal district court that seeks review and reversal of a state-court judgment is properly dismissed under *Rooker–Feldman.*" *Erlandson v. Northglenn Mun. Court,* 528 F.3d 785, 789 (10th Cir.2008). Ms. Segler clearly seeks review and reversal of the Colorado judgment against her; indeed, her brief on appeal repeatedly urges that the state action "should be declared null and void." Br. at 6, 22. Thus, the district court did not have jurisdiction to consider this suit.

Ms. Segler maintains that there is federal diversity jurisdiction that supports her § 1983 claim. *Rooker–Feldman,* however, bars suits even where diversity jurisdiction otherwise exists. *See Noel v. Hall,* 341 F.3d 1148, 1155 (9th Cir.2003). Ms. Segler also contends that presence of federal diversity jurisdiction means that there could not have been concurrent state jurisdiction; thus, the Colorado judgment is void and cannot be appealed through state channels as mandated by the *Rooker–Feldman* doctrine. We consider this another attack on the validity of the state judgment, which *Rooker–Feldman* prohibits. Next, Ms. Segler argues that the Colorado state court dismissed her claim against Felfam for retaliatory eviction; thus, she may properly assert it as the basis of her § 1983 claim without running afoul of *Rooker–Feldman.* Again, this argument provides no basis for reversal. Felfam is a private, not state, actor and therefore not a proper defendant in this § 1983 action. *See* 42 U.S.C. § 1983. Finally, we disagree with Ms. Segler that judicial immunity is inapplicable here. Ms. Segler claims the state judges' decisions were premised on their animus toward her. But judges are absolutely immune from suit unless they act in "clear absence of all jurisdiction," meaning that even erroneous or malicious acts are not proper bases for § 1983 claims. *Stump v. Sparkman,* 435 U.S. 349, 356–57, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978).

### III.  CONCLUSION

The judgment of the district court is AFFIRMED.  Ms. Segler's motion to proceed in forma pauperis is DENIED, and the motion for "Emergency of Stay of Judgment Pending Appeal" is DENIED as moot.