ORDER AND JUDGMENT*
DEANELL REECE TACHA, Circuit Judge.
After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See *743 Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.
Plaintiff-appellant Sylvia A. Segler, proceeding pro se, appeals the dismissal of her complaint brought under 42 U.S.C. § 1983. We have jurisdiction under 28 U.S.C. § 1291, and we AFFIRM.
I. BACKGROUND
Ms. Segler contends that her former landlord, Felfam Ltd. Partnership (“Fel-fam”), unlawfully evicted her. Representing herself, she sued Felfam in Colorado state court and lost. The court assessed more than $2,000 in fees and costs against her.
Again acting pro se, Ms. Segler then filed this § 1983 claim in federal district court against Felfam, Felfam’s attorneys, the judges in the state court proceeding, and various individuals responsible for enforcing judges’ and attorneys’ codes of conduct. The district court dismissed the complaint for lack of subject matter jurisdiction, citing the Rooker-Feldman doctrine. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 486, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); Rooker v. Fid. Trust Co., 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923). The court further concluded that the state judges were absolutely immune from suit. Ms. Segler appeals.
II. DISCUSSION
“The Rooker-Feldman doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by state-court losers challenging state-court judgments rendered before the district court proceedings commenced.” Mann v. Boatright, 477 F.3d 1140, 1147 (10th Cir. 2007). “Consequently, a complaint filed in a federal district court that seeks review and reversal of a state-court judgment is properly dismissed under Rooker-Feldman.” Erlandson v. Northglenn Mun. Court, 528 F.3d 785, 789 (10th Cir.2008). Ms. Segler clearly seeks review and reversal of the Colorado judgment against her; indeed, her brief on appeal repeatedly urges that the state action “should be declared null and void.” Br. at 6, 22. Thus, the district court did not have jurisdiction to consider this suit.
Ms. Segler maintains that there is federal diversity jurisdiction that supports her § 1983 claim. Rooker-Feldman, however, bars suits even where diversity jurisdiction otherwise exists. See Noel v. Hall, 341 F.3d 1148, 1155 (9th Cir.2003). Ms. Segler also contends that presence of federal diversity jurisdiction means that there could not have been concurrent state jurisdiction; thus, the Colorado judgment is void and cannot be appealed through state channels as mandated by the Rooker-Feld-man doctrine. We consider this another attack on the validity of the state judgment, which Rooker-Feldman prohibits. Next, Ms. Segler argues that the Colorado state court dismissed her claim against Felfam for retaliatory eviction; thus, she may properly assert it as the basis of her § 1983 claim without running afoul of Rooker-Feldman. Again, this argument provides no basis for reversal. Felfam is a private, not state, actor and therefore not a proper defendant in this § 1983 action. See 42 U.S.C. § 1983. Finally, we disagree with Ms. Segler that judicial immunity is inapplicable here. Ms. Segler claims the state judges’ decisions were premised on their animus toward her. But judges are absolutely immune from suit unless they act in “clear absence of all jurisdiction,” meaning that even erroneous or malicious acts are not proper bases for § 1983 claims. Stump v. Sparkman, 435 U.S. 349, 356-57, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978).
*744 III. CONCLUSION
The judgment of the district court is AFFIRMED. Ms. Segler’s motion to proceed in forma pauperis is DENIED, and the motion for “Emergency of Stay of Judgment Pending Appeal” is DENIED as moot.

 This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R.App. P. 32.1 and 10th Cir. R. 32.1.