**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 14, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JADA J. MARKET, individually, and on
behalf of a class of others similarly
situated,

     Plaintiff - Appellant,

v.

CITY OF GARDEN CITY, KANSAS,

     Defendant - Appellee.

No. 16-3293
(D.C. No. 6:16-CV-01053-JTM-GEB)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **MATHESON**, and **PHILLIPS**, Circuit Judges.
_____

Jada Market was twice convicted and jailed for driving under the influence of

alcohol (DUI) in Garden City, Kansas. For her first DUI conviction, Market spent

four days in jail, and for her second conviction, fourteen days. The incarceration

imposed for both convictions was the mandatory-minimum jail time required by the

municipal ordinances.[1] For DUI offenses charged in state court, the Kansas statute set

_____

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Market was actually sentenced to 90 and 180 days jail time, respectively,
with the remaining jail sentence suspended. So, in truth, the court imposed a 90-day
jail sentence, with all but 86 days suspended and a 180-day jail sentence with all but
166 days suspended. The ordinances at issue specifically mandated minimum

lesser mandatory minimum incarceration for first and second convictions (two days and five days).[2]

Years after serving her sentences, Market filed a claim against Garden City under 42 U.S.C. § 1983, alleging that enforcement of the municipal ordinances violated her constitutional due-process rights.[3] She claimed that the Garden City ordinances were illegal because a charter ordinance is needed to override a state statute. Market never contested the legality of the ordinance in municipal court or appealed to the state district court for de novo review. She accepted and served her sentences without challenge.

The federal district court dismissed her claim under Fed. R. Civ. P. 12(b)(1) for lack of subject-matter jurisdiction, concluding that the *Rooker-Feldman* doctrine barred federal review of the municipal-court judgment. The district court analyzed

---

imprisonment terms before a grant of probation, suspension, reduction of sentence, or parole. Garden City, Kan., Code of Ordinances ch. 86, art. II, § 86-2 (Aug. 21, 2009); Garden City, Kan., Code of Ordinances ch. 86, art. II, § 86-2 (Aug. 28, 2012).

[2] Market's sentences were well within the maximum sentences allowed by both the city ordinance and the state statute. Garden City, Kan., Code of Ordinances ch. 86, art. II, § 86-2 (Aug. 21, 2009); Garden City, Kan., Code of Ordinances ch. 86, art. II, § 86-2 (Aug. 28, 2012); Kan. Stat. Ann. § 8-1567(b)(1)(A) (West Ann. 2014). And the Kansas statute actually contemplated city ordinances regulating driving under the influence. The statute states that "[n]othing contained in this section shall be construed as preventing any city from enacting ordinances, or any county from adopting resolutions, declaring acts prohibited or made unlawful by this act as unlawful or prohibited in such city or county and prescribing penalties for violation thereof." Kan. Stat. Ann. § 8-1567(k)(1) (West Ann. 2014).

[3] Though Market filed her claim as a class action, no class was ever certified.

her claim for damages separately[4] and dismissed it under Fed. R. Civ. P. 12(b)(6)

"for failure to state a claim" under *Heck v. Humphrey*, 512 U.S. 477, 486 (1994).[5]

Aplt. App. at 124. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm in part,

vacate in part, and remand for further proceedings consistent with this opinion.

The *Rooker–Feldman* doctrine establishes "that only the United States

Supreme Court has appellate authority to review a state-court decision." *Merrill*

*Lynch Bus. Fin. Servs., Inc. v. Nudell*, 363 F.3d 1072, 1074–75 (10th Cir. 2004); *see*

*D.C. Ct. of Apps. v. Feldman,* 460 U.S. 462, 476 (1983); *Rooker v. Fid. Tr. Co.*, 263

U.S. 413, 416 (1923). Federal courts lack jurisdiction to hear cases in which "state-

court losers complain[] of injuries caused by state-court judgments." *Exxon Mobil Corp.*

*v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The *Rooker-Feldman* doctrine

bars review where (1) the plaintiff lost in state court, (2) the state-court judgment caused

the plaintiff's injuries, (3) the state court rendered judgment before the federal claim was

filed, and (4) the plaintiff is asking the district court to review and reject the state

---

[4] The district court said Market's "claim for damages . . . may well stand on a different footing" than her "claim for declaratory relief," which it dismissed for lack of jurisdiction. Aplt. App. at 123.

[5] In *Heck*, the Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486–87. The district court found that Market "allege[d] none of these circumstances" and thus had "fail[ed] to state a claim upon which relief can be granted." Aplt. App. at 123–24.

judgment. *Exxon Mobil*, 544 U.S. at 284. Market denies basing her claim on the state-court judgment, and further denies that she seeks review of the state-court judgment.

Market argues that her claim survives the *Rooker-Feldman* doctrine because she is challenging an enforcement procedure (jail time for her DUI convictions), not the convictions themselves, and so no appellate-style review is needed; because she isn't asking the court to overturn the conviction and the relief requested should control; and because the doctrine is narrow and so is inapplicable here. We are unpersuaded by each of these arguments, now addressed in turn.[6]

We review de novo a district court's dismissal for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and failure to state a claim under Fed. R. Civ. P. 12(b)(6). *Guttman v. Khalsa*, 446 F.3d 1027, 1031 (10th Cir. 2006); *Childs v. Miller*, 713 F.3d 1262, 1264 (10th Cir. 2013). Market, a state-court loser, contests the legality of her time in jail. But Market argues that her claim survives the *Rooker-Feldman* doctrine because she isn't asking the court to overturn the convictions themselves. Rather, she claims that her jail sentences are distinct from the state-court judgments. Without citing any cases approving her course, she seeks to limit Garden City's judgments as mere pronouncements establishing her guilt for the charged DUI offenses and seeks to treat the resulting sentences as mere enforcement procedures to implement the judgments. From this, she contends that she can challenge the

---

[6] Market also asserts that her claim is not "inextricably intertwined" with the state-court judgment. It is unclear whether that language has any independent force in our circuit. *See Campbell v. City of Spencer*, 682 F.3d 1278, 1283 (10th Cir. 2012).

4

sentences (enforcement procedures) because they are separable from, and collateral to, the underlying state judgments.

In doing so, Market relies heavily on *Pennzoil Co. v. Texaco*, *Inc.*, 481 U.S. 1 (1987). In that case, a jury rendered a verdict for $11 billion for Pennzoil against Texaco. *Id.* at 4. Under Texas law, after the trial court entered the judgment, Pennzoil could secure a lien on Texaco's real property absent a bond covering the total judgment. Texaco brought a § 1983 claim, arguing that the Texas judgment-collection system was unconstitutional. A majority of the Court agreed that *Rooker-Feldman* didn't apply.[7]

Applying *Pennzoil* in *Kiowa Indian Tribe of Oklahoma v. Hoover*, 150 F.3d 1163, 1170 (10th Cir. 1998), we enjoined a state enforcement procedure "separable from and collateral to the merits of the state-court judgment." (internal citations and quotation marks omitted). We noted that *Pennzoil* established that sometimes a state-court judgment gives rise to a new problem (like Texas's post-judgment collection procedure) and that the new problem can get federal review without impermissible examination of the initial state-court decision. *See id.*

---

[7] *Pennzoil* was a fractured decision. But in an assortment of concurrences "five justices explicitly rejected application of the *Rooker-Feldman* doctrine to Texaco's § 1983 challenge to Texas' bond and lien provisions." *Kiowa Indian Tribe of Oklahoma v. Hoover*, 150 F.3d 1163, 1170 (10th Cir. 1998); *see Pennzoil*, 481 U.S. at 18 (Scalia, J., concurring, joined by O'Connor, J.); *id.* at 21 (Brennan, J., concurring in the judgment, joined by Marshall, J.); *id.* at 23 (Marshall, J., concurring in the judgment); *id.* at 28 (Blackmun, J., concurring in the judgment). "[A]nd three more did so *sub silentio*." *Kiowa*, 150 F.3d at 1170 (emphasis in original). The Court ultimately refused to hear the claim under the *Younger* abstention doctrine. *Pennzoil*, 481 U.S. at 10.

Market's claim doesn't match. Though the state-court judgment at issue in *Pennzoil* was the cause of plaintiff's injury—the unfavorable ruling led to Texaco's vulnerability to the challenged enforcement procedure—the state-court judgment could be correct and the enforcement mechanism could still be unconstitutional. But for Market to win, the municipal court's judgment had to be wrong. The injury that she has alleged, illegally extended incarceration, stems from the underlying conviction and sentencing.[8] Convictions and accompanying sentences are two sides of the same coin. No sentence could exist without an underlying conviction. And a conviction without a sentence would be meaningless. So Market's arguments against the incarceration apply equally to the conviction, and thus the state-court judgment. Market's case is not "*Pennzoil* in a criminal context." Aplt. Br. at 9; *see Cain v. City of New Orleans*, 186 F. Supp. 3d 536, 553 (E.D. La. 2016) (holding that *Rooker-Feldman* doesn't bar review of an allegedly unconstitutional system of jail sentences and excessive bail to collect unpaid court debts). It's *Rooker-Feldman* in a criminal context. Her "claim has merit only if the state-court [] order was unlawful." *Campbell v. City of Spencer*, 682 F.3d 1278, 1284 (10th Cir. 2012). So it is barred.

Market also argues that the relief sought by the plaintiff controls the analysis. She claims that because she isn't asking the court to *overturn* the conviction, no *Rooker-Feldman* problem arises. And Market is right that the requested relief matters. *Rooker-Feldman*'s applicability turns on whether "the relief sought by the plaintiffs would [] reverse or 'undo' the state-court judgment." *Mo's Express, LLC v.*

---

[8] Indeed, both are housed in the same document.

*Sopkin*, 441 F.3d 1229, 1237 (10th Cir. 2006). So claims for "prospective injunctive and declaratory relief" aren't barred, even when litigation could result in contradictory state-court and federal-court decisions, "[b]ecause the prospective relief requested . . . would not undo the penalties imposed by the state[-]court judgment." *Id.* at 1237–38. But Market's claims are not forward-looking. They are a backward-looking request for personal compensation.

Market claims that "[h]er DUI will remain on her record and in this case the merits of the DUI are not going to be considered." Aplt. Br. at 16. But in the next sentence she admits that "the relief sought [] is *compensatory damages* for the unlawful enforcement of a valid conviction." *Id.* (emphasis added). Market seeks to undo, to the extent possible, her state-court punishment. Though time served can't be returned, compensatory damages attempt to put plaintiffs in the position they would be in without the faulty imprisonment. *Cooper Indus., Inc. v. Leatherman Tool Grp., Inc.*, 532 U.S. 424, 432 (2001) (Compensatory damages "are intended to redress the concrete loss that the plaintiff has suffered by reason of the defendant's wrongful conduct."). That isn't allowed.

In *Erlandson v. Northglenn Municipal Court*, we held that a claim to "overturn" or "reverse" a conviction is barred by *Rooker-Feldman*. 528 F.3d 785, 786, 790 (10th Cir. 2008); s*ee also Meadows v. Oklahoma City Mun. Ct.*, 247 F. App'x 116, 118 (10th Cir. 2007) (unpublished) (concluding that *Rooker-Feldman* barred an attempt to vacate a municipal-court conviction for driving under the influence). True, the plaintiff in *Erlandson* asked for the conviction to be overturned.

7

*Erlandson*, 528 F.3d at 790. But Market's requested relief—money damages and a declaration that the sentence lengths were unconstitutional—is an attempt to do the same in everything but name. Her claim is just more cleverly framed to avoid the *Rooker-Feldman* bar. But plaintiffs can't transform the legal test through creative lawyering. The limitation on upsetting a state-court judgment isn't a pleading requirement—it's substantive.

Finally, Market is right that *Rooker-Feldman* "is a narrow doctrine." *Lance v. Dennis*, 546 U.S. 459, 464 (2006) (per curiam). But "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments" lie at the doctrine's core. *Id.* (quoting *Exxon Mobil*, 544 U.S. at 284). Market lost in state court and wants a second bite at the apple. *Rooker-Feldman* says no: "[A] loss in state court precludes a second round in federal court." *Tal v. Hogan*, 453 F.3d 1244, 1257 (10th Cir. 2006).

The district court thus lacked jurisdiction over Market's § 1983 claim based on the *Rooker-Feldman* doctrine. But it dismissed her damages claim for a nonjurisdictional defect—failure to state a claim. *See Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 118 (1998) (explaining that a federal court generally may not rule on the merits of a case without first establishing its jurisdiction). We therefore AFFIRM the portions of the district court's opinion dismissing Market's claim for lack of jurisdiction, but we VACATE the portions of its opinion dismissing for failure to state a claim and REMAND

8

with instructions to dismiss for lack of jurisdiction.

Entered for the Court


Gregory A. Phillips
Circuit Judge

9