FILED
United States Court of Appeals
Tenth Circuit

August 14, 2019

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

COLIN LEE BASHANT,

    Plaintiff - Appellant,

v.

OKLAHOMA COUNTY DISTRICT
COURT JUDGE BILL GRAVES FOR
THE STATE OF OKLAHOMA,

    Defendant - Appellee.

No. 18-6199
(D.C. No. 5:18-CV-00953-HE)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **McKAY**, and **O'BRIEN**, Circuit Judges.[**]
_____

Mr. Bashant filed this § 1983 action against Oklahoma County District Court

Judge Bill Graves in September 2018.  In his complaint, Mr. Bashant alleged that,

after having been denied evidentiary hearings in 2001 and 2013 post-conviction

proceedings, he filed a petition for a writ of mandamus in 2017 again seeking an

evidentiary hearing.  Judge Graves denied relief, and the Oklahoma Court of

_____

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.
   [**] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.

Criminal Appeals concurred. Mr. Bashant then filed this § 1983 action asking the district court "to compel Honorable Judge Graves to provide [him] with an evidentiary hearing pursuant to OCCA Rule 2.1.(E)(1) to determine if he was denied his due process right to appeal." (R. at 7.)

Mr. Bashant's case was referred to a magistrate judge, who recommended that it be dismissed on 28 U.S.C. § 1915A screening under the *Rooker-Feldman* doctrine. Mr. Bashant objected, but upon de novo review, the district court adopted the magistrate judge's report and recommendation. Mr. Bashant appealed.

Section 1915A(a) provides for the screening of civil complaints in which prisoners seek redress from governmental officers. Section 1915A(b)(1) provides that a complaint should be dismissed if it "is frivolous, malicious, or fails to state a claim upon which relief may be granted."

The *Rooker-Feldman* doctrine bars "'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Campbell v. City of Spencer*, 682 F.3d 1278, 1283 (10th Cir. 2012) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). Under this doctrine, neither we nor the district courts have jurisdiction to hear cases seeking to use § 1983 to "overturn" or "reverse" state-court decisions. *See Erlandson v. Northglenn Mun. Court*, 528 F.3d 785, 790 (10th Cir. 2008).

Mr. Bashant's complaint in this case falls squarely within the *Rooker-Feldman* doctrine. We do not have authority to reverse a state-court judge's decision denying

2

a post-conviction evidentiary hearing. Mr. Bashant attempts to distinguish his case on the basis that he is not seeking the reversal of a criminal judgment or denial of post-conviction relief, but is rather challenging the denial of an evidentiary hearing. *Rooker-Feldman*, however, applies to final state-court decisions beyond criminal judgments and denials of post-conviction relief. *See, e.g.*, *Campbell*, 682 F.3d at 1284–85 (applying doctrine to state-court forfeiture order and imposition of bond). Moreover, Mr. Bashant sought a writ of mandamus "directing the Honorable Judge Graves to provide an evidentiary hearing." (R. at 13.) Judge Graves denied mandamus relief. That denial was a final decision subject to *Rooker-Feldman* protection.

For the foregoing reasons, and substantially the same reasons as those given by the magistrate judge and district court, we **AFFIRM** the district court's dismissal of Mr. Bashant's complaint. Mr. Bashant's motion for leave to proceed without prepayment of costs and fees is **DENIED**.

Entered for the Court

Monroe G. McKay
Circuit Judge