**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 16, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DELBERT McNEIL, JR.,

    Petitioner - Appellant,

v.

BRUCE HOWARD, Warden,

    Respondent - Appellee.

No. 08-6271
(W.D. Okla.)
(D.Ct. No. 5:07-CV-01415-HE)

**ORDER DENYING CERTIFICATE OF APPEALABILITY,**
**DENYING MOTION TO PROCEED *IN FORMA PAUPERIS***
**AND DISMISSING APPEAL**

Before **HARTZ**, **McKAY**, and **O'BRIEN**, Circuit Judges.

Delbert McNeil, an Oklahoma state prisoner proceeding pro se,[1] wants to appeal from the district court's dismissal of his petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. Because McNeil has failed to make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), we deny his request for a certificate of appealability (COA) and dismiss this matter.

---

[1] We construe pro se pleadings liberally. *Ledbetter v. City of Topeka, Kan.,* 318 F.3d 1183, 1187 (10th Cir. 2003).

# I. BACKGROUND

On September 30, 2005, a jury convicted McNeil of resisting an officer, a misdemeanor offense. On October 5, 2005, the court sentenced McNeil to one year imprisonment and imposed a $500 fine. The sentence was to run concurrent with a 21-year sentence he previously received for manufacturing methamphetamine. The Oklahoma Court of Criminal Appeals (OCCA) affirmed. McNeil filed a petition for post-conviction relief in state court. The state court denied the petition and the OCCA affirmed.

On December 17, 2007, McNeil filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 with respect to his resisting an officer conviction. The case was assigned to a magistrate judge who recommended the petition be dismissed for lack of subject matter jurisdiction because it did not appear McNeil satisfied the "in custody" requirement of § 2254.[2] In the alternative, he recommended the petition be denied on the merits. McNeil objected to the magistrate judge's merits determination; he did not object to the magistrate judge's "in custody" analysis.[3] The district court agreed with the magistrate

---

[2] The State did not raise § 2254's "in custody" requirement. Nevertheless, the magistrate judge properly raised it *sua sponte*. *See Hardiman v. Reynolds*, 971 F.2d 500, 502 (10th Cir. 1992) (exception to general rule that court should not raise a defense *sua sponte* exists for defenses implicating court's subject matter jurisdiction).

[3] We have adopted a "firm waiver rule" whereby "the failure to make timely objection to the magistrate's findings or recommendations waives appellate review of both factual and legal questions." *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). "This rule does not apply, however, when (1) a *pro se* litigant has not been

judge that McNeil's petition should be dismissed for lack of subject matter jurisdiction:

> Although the record in this respect is not complete, no basis appears for concluding that [McNeil]—who was sentenced to one year in jail on the subject charge, to run concurrently with other charges—is now in custody in connection with the conviction he attacks here or that his present custodial status on other charges is extended or otherwise affected by the conviction here in issue. As a result, this court lacks jurisdiction to entertain his petition.

(R. Vol. 1 at 220-21 (citations omitted).) McNeil filed a timely notice of appeal. The district court construed the notice as a request for a COA and denied it. McNeil renews his request for a COA with this Court.

## II. DISCUSSION

A COA is a jurisdictional prerequisite to our review of a petition for a writ of habeas corpus. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). We will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, an applicant must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations

---

informed of the time period for objecting and the consequences of failing to object, or when (2) the interests of justice require review." *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005) (quotations omitted). Neither exception to the firm waiver rule applies here. In any event, even excusing this procedural defect, McNeil is not entitled to a COA.

omitted).

28 U.S.C. § 2254(a) provides:

The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person *in custody* pursuant to the judgment of a State court only on the ground that he is *in custody* in violation of the Constitution or laws or treaties of the United States.

(Emphasis added.) "The 'in custody' language of § 2254 is jurisdictional and requires habeas petitioners to be 'in custody' under the conviction or sentence under attack when they file the petition." *Broomes v. Ashcroft*, 358 F.3d 1251, 1254 (10th Cir. 2004). The district court found McNeil did not meet the "in custody" requirement. McNeil contends he satisfies the requirement because he was fined $500. An outstanding fine does not satisfy § 2254's "in custody" requirement. *See Erlandson v. Northglenn Mun. Ct.*, 528 F.3d 785, 788 (10th Cir. 2008) ("We agree with the district court that the payment of restitution or a fine, absent more, is not the sort of significant restraint on liberty contemplated in the custody requirement of the federal habeas statutes."), (quotations omitted), *cert. denied*, 129 S.Ct. 928 (2009).[4]

_____

[4] For purposes of the "in custody" requirement, consecutive sentences are considered in the aggregate. *Garlotte v. Fordice*, 515 U.S. 39, 40-41, 47 (1995); *Peyton v. Rowe*, 391 U.S. 54, 64-65 (1968). A petitioner incarcerated under consecutive sentences "remains 'in custody' [for purposes of § 2254] under all of his sentences until all are served." *Garlotte*, 515 U.S. at 41; *see also Foster v. Booher*, 296 F.3d 947, 949-50 (10th Cir. 2002). In this case, McNeil was in custody serving a 21-year sentence on his manufacturing methamphetamine conviction at the time he filed his § 2254 petition. However, that conviction ran <u>concurrent</u> to his resisting an officer conviction. *Garlotte* has not been extended to cases involving concurrent sentences. *See Wright v. United*

-4-

We **DENY** McNeil's request for a COA and **DISMISS** this nascent appeal.

We also **DENY** McNeil's motion to proceed *in forma pauperis* on appeal.[5]

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge

---

*States*, 116 F.3d 488, No. 95-35922, 1997 WL 306412, at *1 (9th Cir. June 2, 1997) (unpublished) (cited for persuasive value pursuant to 10th Cir. R. App. P. 32.1(A).

[5] *See Kinnell v. Graves*, 265 F.3d 1125, 1129 (10th Cir. 2001) (dismissal of appeal does not relieve a party from the responsibility to pay the appellate filing fee).