**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 11, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

STEPHEN L. HAWKS,

      Plaintiff-Appellant,

v.

GREG ABBOTT, Individually and
Personally as Attorney General of
Texas,

      Defendant-Appellee.

No. 09-2075
(D.C. No. 1:07-CV-00348-LH-LAM)
(D. N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **PORFILIO**, and **O'BRIEN**, Circuit Judges.

Plaintiff Stephen L. Hawks, appearing pro se, appeals from the district

court's dismissal of his amended complaint. We have jurisdiction under

28 U.S.C. § 1291 and affirm.

Hawks filed this pro se civil rights suit alleging various claims contending

the Child Support Division of the Texas Attorney General's Office miscalculated

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

his child support obligations, beginning in July 1988 and continuing into 2006. Although Hawks' original complaint named a number of defendants, his amended complaint filed on August 22, 2008, named only one—Greg Abbott, the Texas Attorney General, in his individual and personal capacity.

Before Abbott was served with the amended complaint, Hawks filed a motion to file a second amended complaint. Abbott subsequently filed a motion to dismiss and an amended motion to dismiss. In the course of deciding the parties' motions, the district court took judicial notice of Abbott's tenure as the Texas Attorney General; his term began December 2, 2002. The court then explained at length why it was denying Hawks' motion to file a second amended complaint and dismissing his suit: 1) for lack of personal jurisdiction over defendant, Fed. R. Civ. P. 12(b)(2), 2) based on lack of subject matter jurisdiction under Rule 12(b)(1) in light of the *Rooker-Feldman* doctrine[1] (alternative holding) and 3) for failure to state a claim under Rule 12(b)(6) (alternative holding). The court thoroughly explained why Hawks failed to satisfy the requirements of the New Mexico long-arm statute and thus failed to establish personal jurisdiction over Abbott in New Mexico. *See* R. at 495-500. It also thoroughly explained why Hawks' allegations about Abbott's alleged miscalculation of Hawks child support obligations were inextricably linked to a modified child support order

---

[1]     *See Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

entered by a Texas state court in 1999, and his suit was thus barred by *Rooker-Feldman*. R. at 500-03. The court also thoroughly examined each of Hawks' claims and explained why he failed to state a claim upon which relief could be granted. *Id.* at 503-06. Finally, the court explained why it would be futile to grant Hawks' motion to file a second amended complaint. *Id.* at 506. Hawks filed this appeal.

"When, as here, personal jurisdiction is found wanting on the basis of the complaint . . ., our review of the district court's dismissal is *de novo*, taking as true all well-pled (that is, plausible, non-conclusory, and non-speculative) facts alleged in plaintiff['s] complaint." *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008) (citation omitted). The plaintiff has the burden at this stage of establishing "a *prima facie* showing of personal jurisdiction." *Id.* We also review a dismissal for lack of subject matter jurisdiction under Rule 12(b)(1) de novo. *Erlandson v. Northglenn Mun. Court*, 528 F.3d 785, 788 (10th Cir. 2008), *cert. denied* 129 S. Ct. 928 (2009). "[A] complaint filed in a federal district court that seeks review and reversal of a state-court judgment is properly dismissed under *Rooker-Feldman*." *Id.* at 789. Likewise, "[w]e review a dismissal [for failure to state a claim] under Fed. R. Civ. P. 12(b)(6) *de novo*." *Moss v. Kopp*, 559 F.3d 1155, 1161 (10th Cir. 2009). "Our inquiry is whether the complaint contains enough facts to state a claim for relief that is plausible on its face." *Id.* Finally, because Hawks is

appearing pro se, we construe his pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam).

We have carefully reviewed the district court's March 12, 2009, Memorandum Opinion and Order in light of the parties' briefs, the record on appeal, and the governing law. The district court correctly concluded federal district courts lack subject matter jurisdiction under the *Rooker-Feldman* doctrine. It was also correct in its other holdings.

The judgment of the district court is AFFIRMED. Hawks' requests for this court to take judicial notice of certain facts are DENIED. All outstanding motions are DENIED.

Entered for the Court

Terrence L. O'Brien
Circuit Judge

-4-