FILED
United States Court of Appeals
Tenth Circuit

**July 20, 2010**

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

STEPHEN L. HAWKS,

        Plaintiff-Appellant,

v.

JIM MATTOX; DAN MORALES;
JOHN CORNYN; GREG ABBOTT, in
their personal supervisory capacities
as Attorney Generals of the State of
Texas; JANE DOES 1-50, employees
of the Texas Attorney General Child
Support Division, in their personal and
supervisory capacities,

        Defendants-Appellees.

No. 09-2316
(D.C. No. 2:09-CV-00436-BB-KBM)
(D. N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HOLMES**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and **EBEL**,
Circuit Judge.

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Stephen L. Hawks, appearing pro se, appeals the district court's dismissal of his civil rights suit for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine.[1]  We have jurisdiction under 28 U.S.C. § 1291. Exercising de novo review, *see Kiowa Indian Tribe of Okla. v. Hoover*, 150 F.3d 1163, 1165 (10th Cir. 1998), we affirm.

Mr. Hawks' dispute with the defendants, primarily the current and former Texas Attorneys General, arises out of two Texas child-support orders.  In 1988, the state court issued a decree of divorce including certain child-support provisions.  In 1999, the state court issued a modified child-support order amending the support provisions.  Mr. Hawks contends that the Attorney General's office did not properly apply and enforce these orders, so that he was incorrectly assessed with child-support arrearages.

Relying on the *Rooker-Feldman* doctrine, this court affirmed the district court's dismissal of a separate lawsuit against current Texas Attorney General Greg Abbott.  *Hawks v. Abbott*, 365 F. App'x 124 (10th Cir. 2010) (*Hawks I*). Mr. Hawks concedes on appeal that the claims in *Hawks I* and in this case are "almost identical in Subject Matter."  Aplt. Br. at 1.  Because Mr. Hawks seeks to assert in this suit the same type of claims that *Hawks I* held to be precluded by the

---

[1]  *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 415-16 (1923).

*Rooker-Feldman* doctrine, the judgment of the district court is AFFIRMED.

Appellant's motion to file the appendix from *Hawks I* in this appeal is

GRANTED. All other pending motions are DENIED.

Entered for the Court


Jerome A. Holmes
Circuit Judge