FILED
United States Court of Appeals
Tenth Circuit

July 29, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

DONALD RAY COWAN,

     Plaintiff - Appellant,

v.

STATE OF OKLAHOMA,

     Defendant - Appellee.

No. 16-5030
(D.C. No. 4:15-CV-00117-JHP-PJC)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **GORSUCH**, **BALDOCK**, and **McHUGH**, Circuit Judges.[**]
_____

Plaintiff Donald Cowan was convicted of manslaughter in 2007 in Oklahoma state court. After completing his four-year prison sentence and moving to Arkansas, Cowan filed this 42 U.S.C. § 1983 action against the State of Oklahoma in federal district court. He asserts certain Oklahoma statutes and state court procedures infringe on his Constitutional rights, particularly his Second Amendment rights regarding self-defense and firearm possession. He asked the district court to, among

_____

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

other things, strike down a number of Oklahoma statutes, vacate his 2007 manslaughter conviction, and order Oklahoma to return his firearm.

A magistrate judge recommended that the district court dismiss Cowan's claims for lack of subject matter jurisdiction because Cowan failed to show that he had Article III standing. The magistrate judge concluded that Cowan, now an Arkansas resident, did not face an imminent threat of injury from the Oklahoma statutes and court procedures he identified. Thus, Cowan would have to rest on his actual past injury—the 2007 manslaughter conviction. But the magistrate judge concluded that the *Rooker–Feldman* doctrine and principles of *res judicata* barred the district court from reviewing that conviction. Further, the magistrate judge noted that the Eleventh Amendment barred Cowan's suit because Cowan failed to establish that Oklahoma had waived its sovereign immunity and also failed to name a state official as a defendant to survive under *Ex parte Young*. Cowan objected to the magistrate judge's recommendation, mainly on the grounds that the magistrate judge did not consider the merits of whether Oklahoma's statutes infringed on his Second Amendment rights. The district court adopted the magistrate judge's recommendation, incorrectly stating that Cowan had not objected but nonetheless stating that it made its conclusion "upon full consideration of the entire record and the issues presented herein." The district court dismissed for lack of jurisdiction.

Cowan now appeals to this Court.[1]  He argues in his opening brief that the district court got it wrong because the magistrate judge and district court failed to address his Second Amendment arguments.  Notably, however, Cowan fails to argue how the magistrate judge or district court erred in its jurisdictional analysis, an analysis that precludes us from reaching the merits.  We conclude he has failed to carry his burden of establishing standing to invoke federal jurisdiction for the reasons articulated by the magistrate judge and adopted by the district court.  Although the district court did not acknowledge Cowan's objections to the magistrate judge's recommendation, it nonetheless indicated it fully considered the magistrate judge's recommendation.  Regardless, even if such a review was not de novo, the district court's error was harmless because we agree with the magistrate judge's conclusions. We deny Cowan's request to set aside the doctrines of collateral estoppel and res judicata.  Further, we agree with the magistrate judge that the Eleventh Amendment bars Cowan's suit against the State of Oklahoma.

As much as Cowan would like us to, we cannot bypass Article III's limitations on our jurisdiction to reach the merits of this case, even though those merits also involve the Constitution.  "Federal courts are courts of limited jurisdiction.  They

---

[1] Cowan proceeded in forma pauperis in the district court and renews his motion to proceed in forma pauperis on appeal.  Cowan could proceed on appeal in forma pauperis without further authorization unless the district court certified that an appeal was not taken in good faith or found that Cowan was not otherwise entitled to proceed in forma pauperis. Fed. R. App. P. 24(a)(3).  The district court has not done so, and thus Cowan's motion is moot. *See Singleton v. Hargett*, 188 F.3d 519, 1999 WL 606712 at *1 n.2 (10th Cir. 1999) (unpublished table opinion) (dismissing as moot petitioner's motion to proceed in forma pauperis in the court of appeals).

lack power to decide issues—however important or fiercely contested—that are detached from" an actual case or controversy. *Brown v. Buhman*, 822 F.3d 1151, 1155 (10th Cir. 2016). To the extent Cowan raises arguments that would have been more properly included in his opening brief and otherwise asks us to consider the merits of his case, we summarily deny his extraneous motions and petition for writ of mandamus as moot. The Court orders that:

1. The district court's "Order Affirming and Adopting the Report and Recommendation of the United States Magistrate Judge" is **AFFIRMED**.

2. The "Motion for Leave to Proceed on Appeal Without Prepayment of Costs or Fees (non-PLRA)" is **DENIED AS MOOT**.

3. The "Motion to Set Aside the Doctrines of 'Collateral Estoppel' and 'Res Judictia' [sic] in the Interest of Justice / Motion to Adjudicate This Appeal as a Case of First Impression" is **DENIED**.

4. The "Motion to Certify Constitutional Questions of Law" is **DENIED**.

5. The "Motion for Declaratory Judgment and Motion for an Extraordinary Writ" is **DENIED AS MOOT**.

6. The "Motion to Declare the Current Statutory Treatment of the Lawful Use and Discharge of Firearms as a Heat of Passion Crime as Dictated by the Oklahoma Firearms Control Act of 1971 and the First Degree Manslaughter Statute Unconsoctitutional [sic]" is **DENIED AS MOOT**.

7. The "Motion to Declare the Statutory Treatment of the Exercise of Second Amendment Rights as an Affirmative Defense Known as the 'Stand Your Ground Defense' Unconstitutional" is **DENIED AS MOOT**.

8. The "Petition for a Writ of Mandamus Directed to the Honorable James H. Payne, Judge of the Northern District of Oklahoma and General Frank J. Glass, Chief of the United States National Guard Bureau" is **DENIED AS MOOT**.

9. The "Motion for Expedited Hearing" is **DENIED AS MOOT**.

Accordingly, this appeal is **DISMISSED**.

Entered for the Court

Per Curiam