**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 1, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

DONALD RAY COWAN,

     Plaintiff - Appellant,

v.

MIKE HUNTER, Attorney General
for the State of Oklahoma in his
individual and official capacity;
STEVEN KUNZWEILER, District
Attorney for Tulsa County,
Oklahoma in his individual and
official capacity; MIKE HUFF,
Tulsa Police Detective, in his
individual and official capacity;
MICHAEL NANCE, Tulsa Police
Detective, in his individual and
official capacity; RICHARD
GERALD MEULENBERG, IV,
Tulsa Police Officer, in his
individual and official capacity;
CITY OF TULSA; SHERIFF OF
TULSA COUNTY; DIRECTOR OF
THE OKLAHOMA DEPARTMENT
OF CORRECTIONS,

     Defendants - Appellees.

No. 18-5024
(D.C. No. 4:17-CV-00324-TCK-FHM)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]

_____

[*]    We have determined that oral argument would not materially aid our consideration of the appeal, so we have decided the appeal based on the briefs. _See_ Fed. R. App. P. 34(a)(2); Tenth Cir. R. 34.1(G).

   This order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.

Before **BACHARACH**, **PHILLIPS**, and **EID**, Circuit Judges.

_____

This appeal grew out of Mr. Donald Cowan's conviction on a state charge of first-degree manslaughter. After unsuccessfully challenging the conviction, Mr. Cowan sued under 42 U.S.C. § 1983. The district court dismissed all of the causes of action, some based on a lack of jurisdiction and others based on the failure to state a valid claim. We affirm.

1. **Background**

Mr. Cowan, who is white, shot an African-American man and unsuccessfully argued self-defense at his criminal trial. Mr. Cowan also appealed his conviction and sought post-conviction relief in state court. Both efforts proved unsuccessful.

He then sought federal habeas relief, claiming invalidity of the state statutes used to convict him, race discrimination, creation and presentation of false evidence, unlawful seizure of a gun, violation of the Second Amendment right to bear arms, retaliation for exercising a right under the Second Amendment, cruel and unusual punishment, and failure to supervise officers on how to comply with the Second Amendment. The district court dismissed all of the claims.

---

But our order and judgment may be cited as otherwise appropriate. *See* Fed. R. App. P. 32.1(a); Tenth Cir. R. 32.1(A).

## 2.     The Rooker-Feldman Doctrine

We first address the dismissal of Mr. Cowan's claims involving

*       invalidity of the state statute on first-degree manslaughter and the Oklahoma Firearm Control Act of 1971,

*       race discrimination,

*       creation and presentation of false evidence, and

*       violation of the Second Amendment right to bear arms.

These dismissals were based on the Rooker-Feldman doctrine, which precludes federal jurisdiction over a challenge to the correctness of a state-court judgment. *Miller v. Deutsche Bank Nat'l Tr. Co. (In re Miller)*, 666 F.3d 1255, 1261 (10th Cir. 2012).

For these dismissals, we engage in de novo review. *Erlandson v. Northglenn Mun. Ct.*, 528 F.3d 785, 788-89 (10th Cir. 2008). To conduct this review, we must consider the remedies being sought: vacatur of the state-court conviction and money damages. The claims for vacatur of the state-court judgment trigger the Rooker-Feldman doctrine; the claims for money damages don't.

Mr. Cowan argued in part that his conviction was void and asked the district court to vacate the judgment of conviction. This request triggers the Rooker-Feldman doctrine. *See id.* at 788–89 (holding that the Rooker-Feldman doctrine bars a request for reversal of a municipal conviction). Thus, we held in Mr. Cowan's previous appeal that the same claims

(against another defendant) were barred by the Rooker-Feldman doctrine. *Cowan v. Oklahoma*, 658 F. App'x 892 (10th Cir. 2016) (unpublished).

We reach the same result here. Federal district courts do not sit as appellate forums over state courts. *Pittsburg Cty. Rural Water Dist. No. 7 v. City of McAlester*, 358 F.3d 694, 706 (10th Cir. 2004). In some situations, a federal district court can consider collateral challenges, such as petitions for habeas corpus. *See Bear v. Patton*, 451 F.3d 639, 641 n.4 (10th Cir. 2006) ("We note that *Rooker-Feldman* does not apply in the habeas context because Congress has authorized federal district courts to review state prisoners' petitions."). But Mr. Cowan has not presented a habeas claim or another recognized form of collateral relief. He instead treated the federal district court as an appellate forum, requesting vacatur of the state-court judgment. For this type of relief, the Rooker-Feldman doctrine prevented federal jurisdiction. So the dismissal of these claims was correct.

But the dismissal covered requests not only to vacate the state-court judgment but also to award money damages. An award of money damages would imply the invalidity of the state-court conviction, and the Rooker-Feldman doctrine applies only if the claimant seeks to "modify or set aside a state-court judgment because the state proceedings should not have led to that judgment." *Mayotte v. U.S. Bank Nat'l Ass'n*, 880 F.3d 1169, 1174 (10th Cir. 2018). In requesting money damages, Mr. Cowan was not

4

seeking invalidation of the state-court judgment, an essential attribute of the Rooker-Feldman doctrine.

An award of money damages would presumably conflict with the judgment of conviction. But inconsistency with that judgment implicates preclusion rather than the Rooker-Feldman doctrine. *Id.* at 1174–75. So the claim for money damages doesn't trigger the Rooker-Feldman doctrine. *See Nesses v. Shepard*, 68 F.3d 1003, 1005–06 (7th Cir. 1995) (stating that when recovery on a claim would effectively invalidate a conviction, without an express request for vacatur, the claim would not trigger the Rooker-Feldman doctrine).

## 3.    Failure to State a Valid Claim

Mr. Cowan not only sought money damages for the invalidity of his conviction but also asserted constitutional theories involving the seizure of his gun, the use of false evidence to support the seizure of his gun, and the humiliation from going to prison. The district court dismissed these constitutional theories for failure to state a valid claim.

### A.    Standard of Review

For these dismissals, we again engage in de novo review, applying the same standard applicable in district court. *See Cty. of Santa Fe v. Pub. Serv. Co.*, 311 F.3d 1031, 1034 (10th Cir. 2002) ("Because the district court dismissed [a] complaint under Rule 12(b)(6), we review that dismissal de novo, applying the same standards as the district court."). The

5

district court had to determine whether Mr. Cowan's allegations in the amended complaint stated a facially plausible claim. *See Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009).

**B.     Unavailability of Money Damages for Invalidity of the State-Court Judgment**

As noted above, Mr. Cowan sought money damages for invalidity of the statutes used to convict him, race discrimination, use of false evidence, and violation of the Second Amendment. For these claims, the federal district court relied on the Rooker-Feldman doctrine, which wouldn't have barred pursuit of money damages. *See* pp. 4–5, above. But the defendants argue in the alternative that these claims failed under Fed. R. Civ. P. 12(b)(6), which addresses failure to state a valid claim. We can affirm on this basis even though the district court mistakenly dismissed the claims for money damages based on the Rooker-Feldman doctrine. *See Aguilera v. Kirkpatrick*, 241 F.3d 1286, 1289–90 (10th Cir. 2001) (stating that even if the district court had erroneously ordered dismissal on jurisdictional grounds, we can affirm for failure to state a valid claim because a remand would be futile).

Though the requests for money damages fell outside the Rooker-Feldman doctrine, the district court could not award money damages until Mr. Cowan separately obtained expungement, reversal, or collateral relief. *See Heck v. Humphrey*, 512 U.S. 477, 487–88 (1994). In the absence of

6

expungement, reversal, or collateral relief, the district court properly dismissed these claims for money damages.

## C. Statute of Limitations

Mr. Cowan also asserted claims stemming from the seizure of a gun. The seizure preceded the lawsuit by roughly thirteen years, and the limitations period is only two years. So the district court properly dismissed these claims as time-barred.

Mr. Cowan also claimed a violation of the Eighth Amendment based on his humiliation in having to go to prison. The prison sentence was imposed in 2007, and Mr. Cowan left prison roughly six years before he asserted the Eighth Amendment claim. This claim was thus also properly dismissed as untimely.

Affirmed.

Entered for the Court

Robert E. Bacharach
Circuit Judge

7