**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

HOLLY MACINTYRE,

     Plaintiff - Appellant,

v.

JP MORGAN CHASE BANK, N.A.,

     Defendant - Appellee.

Nos. 19-1290 & 20-1016
(D.C. No. 1:19-CV-00172-DDD-NYW)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **MATHESON**, and **CARSON**, Circuit Judges.
_____

Holly MacIntyre, proceeding pro se,[1] appeals in No. 19-1290 from the district

court's dismissal of her action against JP Morgan Chase Bank, N.A. (Chase), in

which she claimed Chase committed fraud during a foreclosure proceeding in state

court. She further appeals in No. 20-1016 from the district court's award of attorney

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

[1] We liberally construe Ms. MacIntyre's pro se filings but "will not act as [her]
advocate." *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

fees to Chase under Colo. Rev. Stat. § 13-17-201. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.[2]

## I. BACKGROUND

Ms. MacIntyre owned real property in Jefferson County, Colorado. In 2003, she executed a $100,000 promissory note secured by a deed of trust on the property. In 2014, Chase, asserting it was the note holder, sought a foreclosure judgment in state court authorizing a sale of the property. During that proceeding, the court rejected Ms. MacIntyre's assertion that Chase's note was forged, concluded Chase was the note holder, and issued a judgment of judicial foreclosure. Ms. MacIntyre appealed to the Colorado Court of Appeals (CCA) and filed three motions to stay execution of the judgment—one in the trial court and two in the CCA. All three were denied, which Ms. MacIntyre attributed to Chase's "fraudulent misrepresentations of fact and law." R. Vol. 1 at 10 (internal quotation marks omitted). In January 2016, while the appeal was pending, the property was sold at a sheriff's sale. In April 2016, the CCA affirmed the foreclosure judgment. Ms. MacIntyre sought certiorari review in the Colorado Supreme Court but later requested dismissal of her petition on mootness grounds, and the court dismissed the petition in January 2017.

In January 2019, Ms. MacIntyre initiated this action, alleging that "Chase's fraud in the foreclosure proceeding has caused [her] extraordinary financial damage

_____

[2] These appeals are consolidated for procedural purposes only.

2

by the irreversible loss of her primary residence" and that "Chase's foreclosure fraud was solidified by the fraudulent tactics it used in thwarting the indispensable stay she needed to have any possibility of reversing the foreclosure judgment on appeal." *Id.* at 11. She further alleged that "the mootness of her appeals . . . entitled [her] to have her foreclosure judgment vacated" and that she intended to seek such vacatur in Colorado's appellate courts. *Id.*

Ms. MacIntyre did not immediately serve the complaint on Chase because she believed "the viability of this lawsuit" largely hinged on the outcome of the motion she intended to file in the CCA and that an order granting her motion "might obviate the need for this lawsuit and entitle [her] to relief in the state courts of Colorado." *Id.* at 45. In February, however, before she served the complaint, counsel for Chase entered an appearance, waived service, and moved to dismiss based on (1) lack of subject-matter jurisdiction under the *Rooker-Feldman* doctrine, *see D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923); (2) lack of subject-matter jurisdiction under the *Younger* doctrine, *see Younger v. Harris*, 401 U.S. 37 (1971); (3) collateral estoppel; (4) judicial estoppel; (5) statute of limitations; and (6) failure to adequately plead her claim for fraud.

At a status conference a month later, Ms. MacIntyre stated she believed Chase's motion was premature and did not require a response. Chase countered that it had made a general appearance and that it was not required to wait until service before filing a dispositive motion. The court allowed Ms. MacIntyre until April 9 to

3

file a response to the motion to dismiss and to raise any challenge to the propriety of Chase's appearance and motion to dismiss. Ms. MacIntyre also informed the court she intended to file a motion to vacate the foreclosure judgment with the CCA by March 22.

Ms. MacIntyre ultimately filed that motion on March 29. The CCA denied it two weeks later, explaining that the mandate in her appeal had issued in January 2017 and that "[n]o further motion to vacate will be considered." R. Vol. 1 at 90. Meanwhile, after serving the complaint, Ms. MacIntyre filed (1) a motion to strike Chase's motion to dismiss as premature; and (2) a response to the motion to dismiss, in which she provided only "a discreet response" to the issue of collateral estoppel due to "her very delicate legal situation," *id.* at 81-82.

In June 2019, the district court dismissed the action under the *Rooker-Feldman* doctrine. The court did not address Chase's other defenses, and it denied as moot "[a]ll other pending motions," *id.* at 141. Ms. MacIntyre moved for reconsideration under Fed. R. Civ. P. 59(e), which the court denied, although it modified the dismissal to be without prejudice. Chase then moved for clarification, as to whether the dismissal was *sua sponte* or based on Chase's motion to dismiss. The court granted the motion and clarified it had granted Chase's Rule 12(b)(1) motion to dismiss. Ms. MacIntyre gave timely notice of appeal from the dismissal and the post-judgment orders.

4

Meanwhile, Chase moved for attorney fees under Colo. Rev. Stat. § 13-17-201, which requires an award of attorney fees to the defendant when a tort action brought for injury to person or property is dismissed on the defendant's Rule 12(b) motion. The court granted the motion but imposed "a general reduction of 25% of the requested hours." R. Vol. 2 (20-1016) at 62. Ms. MacIntyre moved to reconsider under Fed. R. Civ. P. 59(e), claiming that because the court dismissed the action for lack of subject-matter jurisdiction under *Rooker-Feldman*, it also lacked jurisdiction to award attorney fees. The court denied the motion, and Ms. MacIntyre timely appealed from the attorney fees orders.

## II. **DISCUSSION**

In No. 19-1290, Ms. MacIntyre contends the district court erred in (1) denying as moot her motion to strike Chase's motion to dismiss; (2) dismissing her fraud claim for lack of subject-matter jurisdiction under *Rooker-Feldman*; (3) denying her motion for reconsideration; and (4) clarifying it had granted Chase's motion to dismiss. In No. 20-1016, Ms. MacIntyre contends the district court erred in (1) awarding attorney fees to Chase under Colo. Rev. Stat. § 13-17-201; and (2) denying her motion for reconsideration based upon lack of jurisdiction.

5

A.  *Appeal No. 19-1290*

1.  **Denial of Ms. MacIntyre's Motion to Strike as Moot**

Ms. MacIntyre argues the district court erred in denying her motion to strike Chase's motion to dismiss as moot.  We review this issue for an abuse of discretion. *See In re Gold Res. Corp. Sec. Litig.*, 776 F.3d 1103, 1119 (10th Cir. 2015).

In her motion, Ms. MacIntyre argued Chase's motion to dismiss should have been stricken because Chase filed it before she had served the complaint.  The district court did not reach this argument and instead explained:  "[I]f Chase is correct that the Court does not have jurisdiction, whether its motion to dismiss should be stricken is immaterial considering the Court's ongoing obligation to evaluate its own jurisdiction."  R. Vol. 1 at 136.  After concluding that *Rooker-Feldman* barred the action, the court denied all pending motions, which included the motion to strike, as moot.  Ms. MacIntyre asserts that when the court later clarified the dismissal was the result of granting Chase's motion to dismiss and was not *sua sponte*, "the Motion to Strike automatically became not immaterial, but very material," because the motion to dismiss "could not be [evaluated] until the Motion to Strike it had been decided." Aplt. Opening Br. (19-1290) at 19.

In effect, Ms. MacIntyre argues the district court abused its discretion by not ruling on her motion to strike before ruling on Chase's motion to dismiss.  She offers no authority for this position. *See United States v. Garcia*, 946 F.3d 1191, 1210 n.11 (10th Cir. 2020) (noting a "party who fails to develop or provide any authority in

6

support of [an] argument [has] waived it" (internal quotation marks omitted)).

Ms. MacIntyre thus has failed to show the court abused its discretion in denying her motion to strike as moot.

### 2. Dismissal of the Fraud Claim Under *Rooker-Feldman*

Ms. MacIntyre next contends the court erred in dismissing her action for lack of subject-matter jurisdiction under the *Rooker-Feldman* doctrine. We review this issue de novo. *See Mann v. Boatright*, 477 F.3d 1140, 1145 (10th Cir. 2007). Under "the *Rooker–Feldman* doctrine, lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments." *Lance v. Dennis*, 546 U.S. 459, 463 (2006) (per curiam). The doctrine applies to federal cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

#### a. *Finality of state court action*

Ms. MacIntyre argues the state-court foreclosure proceeding was not final under *Rooker-Feldman* when she filed her federal complaint. She further argues her state-court proceeding does not satisfy any of the conditions for finality that we noted in *Guttman v. Khalsa*, including:

> (1) when the highest state court in which review is
> available has affirmed the judgment below and nothing is
> left to be resolved; (2) if the state action has reached a

7

point where neither party seeks further action; or (3) if the state court proceedings have finally resolved all the federal questions in the litigation, but state law or purely factual questions (whether great or small) remain to be litigated.

446 F.3d 1027, 1032 n.2 (10th Cir. 2006) (internal quotation marks omitted).

In *Guttman*, we held the plaintiff's state-court proceeding was not final because his certiorari petition with the New Mexico Supreme Court was pending when he filed his federal action. *See id.* at 1032. Ms. MacIntyre characterizes her situation as only "a slight variation on . . . *Guttman*." Aplt. Opening Br. (19-1290) at 27. But the difference is dispositive. Two years before she filed her federal action, the Colorado Supreme Court dismissed, at her request, her petition for a writ of certiorari from the CCA's decision affirming the foreclosure judgment. Thus, unlike in *Guttman*, Ms. MacIntyre had no pending petition before the state's highest court when she filed her federal action.

Ms. MacIntyre also asserts her state-court proceeding was not final "because the Colorado Supreme Court did not *affirm* the judgment of foreclosure" but, instead, "*dismissed* the petition for certiorari on mootness grounds." *Id.* at 25 (emphasis added) (citation omitted). But we have cited *Guttman* for the broader principle that *Rooker-Feldman* applies when the "state court appeals process has run its full course." *Erlandson v. Northglenn Mun. Court*, 528 F.3d 785, 788 n.3 (10th Cir. 2008). In *Erlandson*, we found the state-court proceeding final for purposes of *Rooker-Feldman* when the Colorado Supreme Court did not affirm the trial-court

8

judgment but, instead, denied the federal plaintiff's certiorari petition. *See id.* Similarly, when the Colorado Supreme Court dismissed Ms. MacIntyre's certiorari petition, the "state court appeals process ha[d] run its full course." *Id.* The CCA's order denying her March 2019 motion to vacate, confirmed her appeal was final in January 2017—two years before she commenced her federal action.

Finally, Ms. MacIntyre argues the state court action is not final because she will "seek further action" by "filing a Petition for a Rule to Show Cause in the Colorado Supreme Court to vacate the state-court-judgment." Aplt. Opening Br. (19-1290) at 25-26 (internal quotation marks omitted).[3] But she concedes such a petition would be subject to the appellate rule "govern[ing] supreme court original proceedings" without "any time limit on filing," and would not be "a continuation of the concluded appellate process." *Id.* at 26 (internal quotation marks omitted). She offers no authority—and we know of none—for her claim that a party can avoid finality under *Rooker-Feldman* by initiating, let alone expressing an intention to initiate, an original proceeding in a state appellate court after an appeal has concluded. *See Garcia*, 946 F.3d at 1210 n.11 (noting an argument unsupported by authority is waived).

---

[3] According to Chase, Ms. MacIntyre still "ha[d] not filed such petition" as of January 2020. Aplee. Br. (19-1290) at 18 n.10.

9

b. *Rooker-Feldman precludes review of state-court judgment*

Ms. MacIntyre next argues her complaint does not implicate *Rooker-Feldman* because she is not "complaining of injuries caused by [the] state-court judgment[]" and is not "inviting district court review and rejection of [that] judgment[]." *Exxon Mobil Corp.*, 544 U.S. at 284. We disagree.

Her sole claim is that Chase fraudulently procured both the foreclosure judgment and the orders denying her motions to stay execution of the judgment. For a federal court to grant relief on her claim, it necessarily would have to find that the judgment and post-judgment orders were fraudulently procured. Her claim therefore depends on a federal court finding that the state courts erred in entering judgment for Chase. *Rooker-Feldman* prohibits such review. *See Exxon Mobil Corp.*, 544 U.S. at 284.

Ms. MacIntyre's attempts to distance her claim from *Rooker-Feldman* are unavailing. She contends she is seeking redress for injuries caused by the alleged fraud and not by the state-court judgment itself. But her injuries are based entirely on the court-ordered sale of her house. She has identified no injury independent of the state-court orders, and she admitted that vacatur of the foreclosure judgment by the state appellate courts "might obviate the need for this lawsuit," R. Vol. 1 at 45. Because "an element of [her] claim" is "that the state court wrongfully entered its judgment," *Rooker-Feldman* squarely applies. *Campbell v. City of Spencer*, 682 F.3d 1278, 1283 (10th Cir. 2012); *cf. Mayotte v. U.S. Bank Nat'l Ass'n*, 880 F.3d 1169,

10

1176 (10th Cir. 2018) (holding *Rooker-Feldman* did not apply because the plaintiff could "prove her claims without any reference to the state-court proceedings"); *P.J. ex rel. Jensen v. Wagner*, 603 F.3d 1182, 1193-94 (10th Cir. 2010) (holding *Rooker-Feldman* did not apply because the claims did "not rest on any allegation concerning the state-court proceedings or judgment" and "would be identical even if there were no state-court orders" (internal quotation marks omitted)).[4]

Ms. MacIntyre also argues *Rooker-Feldman* does not apply because she is seeking only monetary damages, not vacatur of the foreclosure judgment. But seeking monetary damages without explicitly seeking to overturn or modify the state-court judgment does not mean a claim can escape *Rooker-Feldman*'s reach. To the contrary, claims for monetary damages can implicate *Rooker-Feldman*. *See Wagner*, 603 F.3d at 1193 (distinguishing claims for monetary damages from claims for prospective injunctive and declaratory relief for purposes of *Rooker-Feldman*). In seeking monetary damages based on "the irreversible loss of her primary residence, combined with her subsequent displacement due to eviction," R. Vol. 1 at 11, Ms. MacIntyre's "requested relief would necessarily undo the [Colorado] state

---

[4] Ms. MacIntyre contends the district court improperly conflated *Rooker-Feldman* with preclusion. *See Mayotte*, 880 F.3d at 1175 ("[A]ttempts merely to relitigate an issue determined in a state case are properly analyzed under issue or claim preclusion principles rather than *Rooker-Feldman*." (internal quotation marks omitted)). We perceive no such doctrinal confusion in the district court's order. And in any event, our review of the dismissal is de novo.

11

court's judgment because it would place [her] back in the position [she] occupied prior to the [foreclosure]," *Mo's Express, LLC v. Sopkin*, 441 F.3d 1229, 1237 (10th Cir. 2006) (internal quotation marks omitted).

Ms. MacIntyre further contends a claim for money damages based on a fraudulent state-court foreclosure judgment is exempt from *Rooker-Feldman*. But in *Tal v. Hogan*, 453 F.3d 1244 (10th Cir. 2006), we rejected the plaintiff's similar attempt to circumvent *Rooker-Feldman* by claiming the defendant "committed fraud on appeal" in state court. *Id.* at 1255. We noted "new allegations of fraud might create grounds for appeal, but that appeal should be brought in the state courts." *Id.* at 1256.

Ms. MacIntyre attempts to distinguish *Tal* by describing her claim as involving "not *new* fraud" but rather the "same fraud that she argued before the state court." Aplt. Reply Br. (19-1290) at 10 (internal quotation marks omitted). But *Tal* not only recognized that "new allegations of fraud" could come within the *Rooker-Feldman* prohibition, but also allegations that the federal defendant "*continue[d]* to make false claims." *Tal*, 453 F.3d at 1256 (emphasis added). In particular, we observed that the state appellate court "was confronted with and reviewed the same 'fraud' as the trial court" and that "[i]ts holding is equally applicable to the 'fraud' alleged at the trial court level . . . as it was to the 'fraud' allegedly perpetrated before its very eyes." *Id.* at 1257. The same is true with Ms. MacIntyre's claim that Chase fraudulently procured the foreclosure judgment and the denial of her motions for a stay. Her

12

attempt to distinguish *Tal* fails, and her "loss in state court precludes a second round in federal court." *Id.*

*   *   *   *

For Ms. MacIntyre to prevail on her fraud claim, the district court would have had to review and reject the state-court judgment that she alleges Chase fraudulently procured. Because *Rooker-Feldman* prohibits such review, the district court properly dismissed her claim for lack of subject-matter jurisdiction.

### 3. Denial of Ms. MacIntyre's Rule 59(e) Motion to Reconsider

Ms. MacIntyre contends the district court erred in denying her Rule 59(e) motion to reconsider except to the extent the court modified the dismissal to be without prejudice. We review this issue for an abuse of discretion. *See Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019).

"Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice," including "where the court has misapprehended the facts, a party's position, or the controlling law." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). In her brief, Ms. MacIntyre lists sixteen issues she included in her Rule 59(e) motion.[5] In denying the motion,

---

[5] Except for the *Rooker-Feldman* issues we have addressed, Ms. MacIntyre has not raised on appeal the other arguments in her motion to reconsider. *See Platt v. Winnebago Indus., Inc.*, 960 F.3d 1264, 1271 (10th Cir. 2020) ("[F]ailure to raise an issue in an opening brief waives that issue." (internal quotation marks omitted)).

the district court stated it "remain[ed] certain that the *Rooker-Feldman* doctrine prohibit[ed] it from considering this matter." R. Vol. 1 at 167. Although Ms. MacIntyre faults the court for not providing "any analysis whatsoever" and for incorrectly stating it had "previously considered" arguments that she had not raised until her motion. Aplt. Opening Br. (19-1290) at 33-34 (internal quotation marks omitted), she focuses on the *Rooker-Feldman* determination. As discussed above, we have considered the issue de novo and agree with the court's assessment. Because the court properly concluded it lacked jurisdiction, Ms. MacIntyre cannot show that the court erred in denying her motion to reconsider.

### 4. Clarification regarding the dismissal

Finally, Ms. MacIntyre contends the district court erred in granting Chase's motion and clarifying that it had "granted Defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1)," R. Vol. 1 at 173. We review this issue for an abuse of discretion. *See Jones, Waldo, Holbrook & McDonough v. Cade*, 510 F.3d 1277, 1278 (10th Cir. 2007).

As Ms. MacIntyre notes, the court's clarification that the dismissal was based on Chase's Rule 12(b)(1) motion meant Chase was eligible for an award of attorney fees under Colo. Rev. Stat. § 13-17-201. She alleges no particular error with the clarification but claims she "will be fatally prejudiced by [the clarification] if this Court is inclined to uphold the dismissal" on one of the alternative grounds raised by Chase that she strategically chose not to address in district court. Aplt. Opening Br.

14

(19-1290) at 36. Because we agree with the district court's Rooker-Feldman ruling and do not address Chase's alternative grounds for dismissal, Ms. MacIntyre's prejudice argument fails. The district court did not abuse its discretion in granting Chase's motion to clarify the basis for dismissal.

B. *Appeal No. 20-1016*

1. **Order awarding attorney fees under Colo. Rev. Stat. § 13-17-201**

In No. 20-1016, Ms. MacIntyre contends the district court erred in awarding attorney fees under Colo. Rev. Stat. § 13-17-201. This statute applies when a federal court, exercising diversity jurisdiction over a tort action under Colorado state law, grants a defendant's motion to dismiss under Rule 12(b) of the Federal Rules of Civil Procedure. *See Jones v. Denver Post Corp.*, 203 F.3d 748, 757 (10th Cir. 2000), *abrogated on other grounds by Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002). We review the district court's factual findings for clear error and legal conclusions de novo. *See id.* at 756.

Ms. MacIntyre initially opposed Chase's motion for attorney fees on the ground that, in a diversity action dismissed for lack of jurisdiction, 28 U.S.C. § 1919 preempted Colo. Rev. Stat. § 13-17-201. The federal statute provides: "Whenever any action or suit is dismissed in any district court . . . for want of jurisdiction, such court may order the payment of just costs." 28 U.S.C. § 1919. The district court concluded that although 28 U.S.C. § 1919 does not authorize an award of attorney

15

fees, it also does not prohibit a court from otherwise awarding fees. The court found

no conflict between the statutes and, thus, no preemption.

On appeal, Ms. MacIntyre reiterates her argument regarding preemption. But

her analysis is relegated entirely to a cursory footnote in her opening brief. We

therefore decline to consider the issue. *See United States v. Hardman*, 297 F.3d

1116, 1131 (10th Cir. 2002) (en banc) ("Arguments raised in a perfunctory manner,

*such as in a footnote*, are waived." (emphasis added)).[6]

2. **Denial of Ms. MacIntyre's Rule 59(e) Motion to Reconsider**

Ms. MacIntyre contests the denial of her Rule 59(e) motion to reconsider the

order awarding attorney fees. We review this issue for an abuse of discretion. *See*

*Nelson*, 921 F.3d at 929. And we review "jurisdictional arguments de novo in order

to ensure that the district court did not abuse its discretion by making a clear error of

judgment or exceeding the bounds of permissible choice in the circumstances."

*Devon Energy Prod. Co. v. Mosaic Potash Carlsbad, Inc.*, 693 F.3d 1195, 1201-02

(10th Cir. 2012) (alteration and internal quotation marks omitted).

In her motion to reconsider, Ms. MacIntyre argued the dismissal for lack of

subject-matter jurisdiction under *Rooker-Feldman* also meant that "diversity . . .

---

[6] Ms. MacIntyre has cited no authority showing 28 U.S.C. § 1919 preempts a state statute mandating attorney fees. She cites *State v. Golden's Concrete Co.*, 962 P.2d 919, 926 (Colo. 1998), in which the Colorado Supreme Court held that 42 U.S.C. § 1988, which permits attorney fees for a prevailing party in a 42 U.S.C. § 1983 action, preempts Colo. Rev. Stat. § 13-17-201.

jurisdiction never attached" and that the court lacked subject-matter jurisdiction to award attorney fees under state law. R. Vol. 2 (20-1016) at 73. The court found the argument was untimely raised and without merit. Ms. MacIntyre contends it was not untimely because subject-matter jurisdiction can be raised at any time. In any event, we agree with the court's conclusion that it had jurisdiction to award fees.

"It is well established that a federal court may consider collateral issues after an action is no longer pending." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990); *see also Willy v. Coastal Corp.*, 503 U.S. 131, 137 (1992) (upholding Rule 11 sanctions after "[a] final determination of lack of subject-matter jurisdiction" because "such a determination does not automatically wipe out all proceedings had in the district court at a time when the district court operated under the misapprehension that it had jurisdiction"). We therefore have held that "a district court may still award attorney's fees after dismissing the underlying action for lack of subject-matter jurisdiction . . . because a claim for attorney's fees gives rise to issues separate and distinct from the merits of the original cause of action." *D.A. Osguthorpe Family P'ship v. ASC Utah, Inc.*, 705 F.3d 1223, 1236 (10th Cir. 2013) (internal citation omitted). This is equally true when a state statute forms the basis for an award of attorney fees. *See Lorillard Tobacco Co. v. Engida*, 611 F.3d 1209, 1217 (10th Cir. 2010) ("[A] district court need not have subject matter jurisdiction to award attorney's fees pursuant to [Colo. Rev. Stat. §] 13-17-102.").

17

Ms. MacIntyre contends that her action was only a "would-be diversity case" and that the dismissal under *Rooker-Feldman* meant the district court "was never for a minute 'sitting in diversity'" such that it had "access to a state fee-shifting statute." Aplt. Reply. Br. (20-1016) at 5.  But she offers no applicable authority for this novel argument.  The fact that the court lacked jurisdiction over her sole claim for relief does not mean it lacked jurisdiction to award attorney fees after the dismissal.  The district court did not abuse its discretion in denying the Rule 59(e) motion.

## III.  CONCLUSION

We (1) affirm the district court's judgment, (2) deny Ms. MacIntyre's motion to strike Chase's brief in No. 19-1290, and (3) grant Chase's motion for leave to file a response to Ms. MacIntyre's motion to strike and her motion for leave to file a reply to Chase's response.

Entered for the Court


Scott M. Matheson, Jr.
Circuit Judge